SMITH, APPELLEE, *v.* SUTTER, APPELLANT.

(No. 612—Decided April 16, 1951.)

*Messrs. Freeman & Freeman,* for appellee.
*Messrs. Young & Young,* for appellant.

FESS, J.  This is an appeal on questions of law from a judgment entered on a verdict for the plaintiff in the sum of $750.

Plaintiff brought her action against the defendant

for services rendered defendant's wife at the instance and request of the defendant. The claimed services consisted of motor trips, board, care, and nursing, the reasonable value of which was alleged to be $2,788. At the trial, the petition was amended to allege that necessary services were rendered at the instance and request of the defendant.

Section 8003, General Code, provides that if the husband neglects to make adequate provision for the support of his wife, any other person, in good faith, may supply her with necessaries for her support and recover the reasonable value thereof from her husband.

Defendant's wife was an inveterate "gadder." When she could not prevail upon her friends and neighbors to accompany her on automobile trips, she hired taxicabs to take her on numerous visits. She was committed to a state institution in November 1949 and died within a month thereafter.

Plaintiff testified that at the instance of defendant's wife, Mrs. Sutter, on not less than three occasions each week, from 1943 to 1948, she took Mrs. Sutter to Sandusky, Marion, Attica, Cleveland, Norwalk, Alliance, and other places. Plaintiff estimated that these trips cost her $10 per week for 280 weeks. On these trips Mrs. Sutter called on fortune tellers, attended picture shows, and went to various restaurants. Plaintiff testified also that she bore substantially all the expenses of these trips, including meals, for Mrs. Sutter. Occasional trips were made to consult a physician in another city. Plaintiff said also that her claim was based on what she had to spend to take Mrs. Sutter places, and that, as a result, plaintiff neglected her own family. There is no evidence to support the claim for board, care, and nursing except the cost of meals incident to these trips.

A review of the evidence discloses nothing tending

to show that the defendant neglected to make adequate provision for the support of his wife. The fact that the wife did not have money to pay for gasoline and her meals on her many trips does not support the contention that the defendant neglected to support her. On the other hand, the evidence discloses that the defendant was a boilermaker earning $250 a month. He also received a pension. Defendant testified that for a number of years he turned his pay check over to his wife, retaining only 25 or 30 dollars for his personal use. He testified further that during the last year of her life, when she became irresponsible, he discontinued this practice but gave her 10 to 15 dollars occasionally. Other witnesses said she was provided with funds to pay for her meals and taxicab rides. She had a charge account at the Willard Taxi and also at a gasoline station. From January 3 to November 5, 1948, she made 128 trips via Willard Taxi service. A young man testified that, from 1945 until her death, he drove Mrs. Sutter in the Sutter's car "around every other day" to various points in the vicinity of Willard, including Sandusky and Alliance. On these trips she paid the expenses, including meals for the driver, and occasionally paid him for driving. He said she generally had money when she went any place. This testimony was corroborated by other witnesses and was uncontradicted. She was provided with a home and food. She also had a hired girl who helped with the housework.

There is no evidence that the defendant neglected to make adequate provision for her support, except the testimony of the plaintiff that Mrs. Sutter did not have money to pay for her pleasure trips or an occasional trip to a doctor, whose office was outside Willard.

The term, "necessaries," as used in the statute

means such food, medicines, clothing, shelter, or personal services as are usually considered reasonably essential for the preservation and enjoyment of life. As to a wife, the term is not confined to items necessary to sustain life but includes such articles and services as are suitable to maintain the wife according to the position and condition of the life and means of the husband. The term does not include extravagancies, luxuries, or expeditions for pleasure and personal enjoyment. A third party supplying luxuries to a wife cannot recover from the husband in the absence of proof of an agreement, express or implied, on the husband's part to pay for same.

In order to sustain a recovery by a third party against a husband under the statute, there must be proof (1) that the husband neglected to make adequate provision for the support of his wife and (2) that the plaintiff, in good faith, supplied the wife with necessaries for her support.

In the absence of a showing of these two elements, a recovery may only be sustained upon proof of an agreement on the part of the husband to pay for necessaries furnished.

Ordinarily, whether articles purchased by the wife or services rendered to her were necessaries and whether the provision made by the husband for his wife was adequate are questions of fact for the jury. The authorities supporting this principle relate to purchases of merchandise by the wife upon the credit of the husband. However, where the evidence discloses that the basis of the claim is transportation of the wife on pleasure trips three times a week over a period of years, the court should determine as a matter of law that such services rendered to the wife were not necessaries. Furthermore, the evidence fails to disclose that the defendant neglected to make adequate

324

provision for the support of his wife, and that the services were rendered at the instance and request of the defendant. The court, therefore, erred in overruling defendant's motion for a directed verdict, made at the conclusion of the case.

The judgment is reversed and final judgment entered for the defendant.

*Judgment reversed.*

CARPENTER and CONN, JJ., concur.