AKRON CITY HOSPITAL *v.* ANDERSON.

(No. 79CVF8963—Decided July 24, 1981.)

Akron Municipal Court.

*Mr. Joseph H. Kahn,* for plaintiff.
*Mr. Michael J. Rose,* for defendant.

SCHNEIDERMAN, J.   This cause came on for trial upon the complaint of the plaintiff, Akron City Hospital, and against the defendants, Eugene Anderson and Rose Anderson, for the sum of $1,085.72.

Judgment had been previously granted to plaintiff, Akron City Hospital, against the defendant Rose Anderson in an entry filed July 2, 1981, as she was in default of any motion, pleading, or appearance.

### STATEMENT OF FACTS.

The parties agreed on most of the pertinent facts:

Defendants were once husband and wife and as a result of that marriage gave birth to a daughter, Beverly Anderson. The defendants were divorced in 1975 and defendant Rose Anderson was granted the care, custody and control of the minor children, including Beverly.

In August, 1978, Beverly Anderson, then 15 years of age, and being pregnant and in her second trimester, was admitted to Akron City Hospital for an elective abortion. Ms. Anderson was a patient at Akron City Hospital from August 23 through August 28, 1978.

Both Rose Anderson and her minor daughter, Beverly, consented to the hospital admission and the abortion.

Defendant Eugene Anderson did not agree to or consent to Beverly's hospital admission or her abortion. Further, defendant Eugene Anderson had no knowledge of her pregnancy or of the abortion until after her release from the hospital. Defendant Eugene Anderson did not at any time agree to the services performed by plaintiff, Akron City Hospital, or agree to pay for those services.

The plaintiff brought this action against defendants for necessaries furnished to their minor daughter in the reasonable sum of $1,085.72. The remaining defendant Eugene Anderson shall be hereinafter referred to as defendant and his former wife and co-defendant by her name.

## OPINION.

Issue: Can a hospital recover from the noncustodial father the reasonable value of its services for an elective abortion performed on his minor daughter, which procedure was neither requested nor authorized by him?

The natural duty of parents to provide their children with suitable shelter, food and clothing until they are able to support themselves has long been an accepted principle in common law as well as contained in the statutes of Ohio. 41 Ohio Jurisprudence 2d 339, Parent and Child, Section 29.

R. C. 3103.03 provides that a husband shall support his wife and minor children out of his property or by his labor. Another Ohio statute, R. C. 2111.08, states that each parent is charged "with the care, nurture, welfare, and education" of his children.

In a divorce, dissolution of marriage, alimony or child support proceeding, R. C. 3109.05 is applicable, and either or both parents may be ordered to support their children.

Therefore, generally, a father charged with the duty of support is obliged to provide shelter, food, clothing, medicines and medical attention. 41 Ohio Jurisprudence 2d 341-342, Parent and Child, Section 30. If the father neglects to support his minor children, then R. C. 3103.03 provides that any person may supply the minor child with the *necessaries* and recover the reasonable value thereof from the father. A father's obligation to a third person who supplies necessaries for his minor children extends only to those "necessaries."

Parents are legally responsible for medical services

necessarily furnished to their minor children. *Aulen* v. *Cantor* (1912), 30 O.D. 665; *Marmorstein* v. *Schuck* (1928), 29 Ohio App. 229, 163 N.E. 508.

A "necessary" is the article or service which is indispensable or useful to the sustenance of human life. Black's Law Dictionary (4 Ed.).

These obligations can extend to divorced husbands. *Pretzinger* v. *Pretzinger* (1887), 45 Ohio St. 452.

The above statements and principles are well-accepted in Ohio, but there is no statement of law or reported court decision dealing with a parent's responsibility for an abortion performed on his minor child.

The noncustodial parent is obligated to pay for services rendered in an emergency treatment of his child. *Downing* v. *Goldberg* (1932), 29 N.P. (N.S.) 162. In a nonemergency situation the custodial parent is not clothed with authority to obligate the supporting noncustodial parent until that parent neglected or refused to make suitable provisions. *Hackenberg* v. *Hackenberg* (1911), 17 C.C. (N.S.) 456, affirmed without opinion (1913), 88 Ohio St. 567.

There is no evidence that defendant neglected or refused to provide medical services for his minor child, Beverly Anderson. The unrefuted facts are that the defendant supported his minor child and provided for her medical care.

The noncustodial parent is liable only for expenses incurred which are the natural incidents of the custody, such as board and lodging. *Hackenberg* v. *Hackenberg, supra.* An elective abortion is not a natural incident of the minor child's custody.

There was no contract or agreement between the plaintiff and the defendant; plaintiff does not claim that there was one, but seeks to imply a contract and recover the reasonable value of its services. The facts do not support such a contention. Plaintiff failed to prove by a preponderance of the evidence that defendant neglected or refused to provide the necessaries for his minor daughter.

Further, there was little evidence as to the reasonable value of the services so provided. Plaintiff's witness was unable to give any evidence whatsoever on the charges made by other hospitals in the area or even whether these charges were normal for plaintiff. Plaintiff failed to prove by a pre-

ponderance of the evidence that the amount claimed was the reasonable value for these services or actually show any value as a reasonable value.

The record is clear that the plaintiff had an agreement with the minor child and her mother, Rose Anderson, for the performance of these services and the payment for the same. The evidence reflects that only Rose Anderson was billed for these services, although at some point in time plaintiff sent a copy of the billing to defendant.

This court feels that it is not necessary to decide whether an elective abortion is a "necessary," but notes that on that subject, that there is an interesting group of recent United States Supreme Court cases dealing with the relationship of an elective abortion to childbirth and whether an elective abortion is medically necessary. Generally, the issues in these cases concerned whether a state was required by the Constitution of the United States to pay for an elective abortion for an indigent where it provided for childbirth expenses. In other words, if a state is paying for some of the abortions of an indigent, must it pay for all? *Doe* v. *Bolton* (1973), 410 U. S. 179; *Beal* v. *Doe* (1977), 432 U. S. 438; *Maher* v. *Roe* (1977), 432 U. S. 464.

In *Doe* v. *Bolton, supra,* at page 192, the court stated as to the necessity of an abortion as follows:

" * * * that the medical judgment may be exercised in the light of all factors—physical, emotional, psychological, familial, and the woman's age—relevant to the well-being of the patient. All these factors may relate to health. * * * "

In *Beal* v. *Doe, supra,* the Supreme Court recognized the distinction between an elective nontherapeutic abortion and an abortion determined to be medically necessary. The decision upheld the state's ability to limit financial assistance to only those abortions determined to be medically necessary. The court in interpreting Title XIX of Medicaid stated, at pages 444-445, as follows:

"Although serious statutory questions might be presented if a state Medicaid plan excluded necessary medical treatment from its coverage, it is hardly inconsistent with the objectives of the Act for a State to refuse to fund *unnecessary*—though perhaps desirable—medical services."

The exclusion of nontherapeutic abortions from Medicaid coverage is reasonable. *Beal* v. *Doe, supra,* at page 445.

18

An analogy can be made between the above-cited United States Supreme Court cases and this case. The liability of this defendant is predicated on a showing of the necessity of the medical procedure and a similar situation was present as to the state's responsibility. It is consistent with the reasoning of the Supreme Court cases to equate the state's responsibility to the liability of the defendant, a noncustodial father. The natural conclusion of this reasoning is that a noncustodial father who neither consented nor authorized the abortion is not liable for the same unless it was medically necessary. There is no evidence that there was a medical necessity for the abortion. In fact, all the evidence supported the fact that it was an elective abortion.

In accordance with the foregoing it is ordered, adjudged and decreed that judgment is hereby entered for the defendant Eugene Anderson and against the plaintiff, Akron City Hospital.

*Judgment for defendant.*