L. CHARLES WRIGHT, Retired Appellate Judge.
This action involves the wife’s petition for rule nisi and the husband’s petition for modification of the divorce decree.
The parties were divorced in 1984. The divorce decree ratified and adopted the parties’ written agreement with reference to property division, spousal support, child support, and child custody. At the time of the divorce, the parties had two minor children, but their daughter has since attained the age of majority. The parties’ other child, James Edward Hill, Jr., was seventeen at the time of this hearing in August 1987.
The parties’ agreement adopted by the divorce decree provided, in pertinent part, that the husband would pay $150 per month per child as child support and that such payments shall continue until such child reaches majority or dies. It was further stated that “[t]he Husband shall maintain medical, hospital, and dental insurance on the children of the parties for and dur *446 ing the term of their minority. The Husband further agrees to pay any such hospital, medical, and dental charges and expenses on the children which are not covered by insurance.”
In February 1987 the wife filed a petition for rule nisi, alleging that certain medical and hospitalization expenses had been incurred by the parties’ minor son and that, while the greater part of these expenses had been paid by the insurance, the husband had failed to pay the remaining balance, as provided in the divorce decree. The husband answered and filed a counter-petition for modification of the divorce decree, requesting that his obligation of $150 per month in child support be terminated because the minor son is gainfully employed in a full-time position and is self-supporting.
After a hearing the trial court issued its order which terminated the husband’s child support obligation and denied the wife’s request that the husband be required to pay the hospital and medical bills incurred by the parties’ minor son.
The wife’s post-trial motion was denied. The wife appeals.
In her first issue the wife contends that the trial court erred when it refused to require the husband to pay the hospital and medical bills incurred by the minor son. In its order the trial court stated in pertinent part:
“The Court is of the opinion the respondent should not be required to pay medical expenses of this nature incurred over his objection unless prior thereto there was a clear finding that the treatment was reasonably necessary and appropriate. ... The Court may look at the situation in a different light and reach a different conclusion had the petitioner sought a judicial determination prior to committing the child for psychiatric treatment.”
The record reveals that in early 1986 the parties’ minor son (hereinafter referred to as Eddie) went through a period of depression and revealed that he was on drugs and needed help. One morning he told his mother that he could not stand life anymore and that he did not want to live. The wife called the husband, who attempted to get Eddie to go with him to talk. Eddie refused to go with him. However, Eddie did agree to go to Charter Retreat Hospital and talk with the counselors there. After talking with Eddie, the people at Charter Retreat Hospital recommended that he be admitted immediately.
The insurance paid all but approximately $520 of the hospital bill and all but approximately $486 of the doctor bill for the treatment received at Charter Retreat.
The husband testified that he was aware that Eddie had some problems, but that he had objected to the possibility of taking Eddie to Charter Retreat when it was discussed. However, the husband neither showed that the treatment of Eddie at Charter Retreat was unreasonable or unnecessary under the circumstances, nor presented any evidence to show that the charges were unreasonable. Further, we note that the divorce decree does not create the need for the wife and/or child to seek a judicial determination prior to incurring such expenses. Therefore, we find that the trial court erred when it refused to require the husband to pay the medical expenses that the insurance did not pay. See Waltman v. Waltman, 480 So.2d 594 (Ala.Civ.App.1985); Nelson v. Nelson, 421 So.2d 120 (Ala.Civ.App.1982).
We reverse that portion of the trial court’s order denying the wife’s petition to require the husband to pay the balance owed to the hospital and doctor for the treatment of the parties’ minor son and remand to the trial court for the issuance of an order not inconsistent with this opinion.
In her second issue the wife contends that the trial court erred in terminating the child support obligation of the husband for the benefit of the parties’ minor son. The wife points out that the separation agreement adopted by the divorce decree provided that the husband’s child support obligation was to cease when the child either reached the age of majority or died and *447 that neither contingency had occurred at the time of this hearing.
When the parties have entered into an agreement fixing child support and such agreement has been adopted by the court, there can be modification only if the party seeking the modification presents clear and sufficient reasons for modification. Ralls v. Ralls, 383 So.2d 857 (Ala.Civ.App.1980).
The record reveals that the minor son Eddie was seventeen at the time of the hearing and that he no longer attended school. The testimony revealed that Eddie works between 32-40 hours per week and has a take-home salary of approximately $103 per week. The evidence revealed that Eddie continues to reside with his mother, who testified that he contributes nothing for food, utilities, etc., and that his only expense is a car payment of approximately $60 per month.
From our review of the record we find that, although neither of the contingencies provided in the agreement has occurred, there were clear and sufficient reasons presented to justify the modification of the divorce decree. Therefore, we affirm this portion of the trial court’s order.
This case is affirmed in part and reversed and remanded in part.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975. This opinion is hereby adopted as that of the court.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
All the Judges concur.