We granted this petition for writ of certiorari to determine the following issues:
(1) Whether the remoteness of the relationship between a father and his minor daughter can serve as a basis for the father to avoid liability for necessary medical services rendered to that minor daughter.
(2) Whether the totality of the circumstances in the instant case justifies the conclusion that reasonable, necessary medical services for the delivery of a full term infant to a minor mother were not "necessaries."
South Alabama Medical Center ("the hospital") filed this action against Leroy M. Patterson to recover for medical services rendered to Patterson's minor, unmarried daughter. Both parties filed motions for summary judgment on the following stipulated facts:
 "1. Plaintiff [hospital] rendered medical services to Valarie R. Patterson in the amount of $3,674.91 on or about 24 July, 1986.
 "2. These medical services were necessary and the amount of the bill was reasonable.
 "3. Valarie R. Patterson was 15 years old at the time services were rendered, having a birth date of 9 July, 1971.
 "4. Valarie R. Patterson is the natural daughter of Leroy Patterson.
 "5. Leroy Patterson has been divorced from the mother of Valarie Patterson for some time, and had not seen Valarie Patterson for a period in excess of five (5) years prior to the rendering of medical services by the plaintiff.
 "6. Leroy M. Patterson was unaware of and did not consent to the rendering of medical services to his minor daughter Valarie Patterson.
 "7. Plaintiff initially rendered [a] bill for these necessary medical services to the stepfather of Valarie Patterson, who denied liability."
The trial court entered a summary judgment for the father, holding that he was not liable for his daughter's medical expenses. The hospital then appealed to the Court of Civil Appeals, which affirmed. 541 So.2d 533. The Court of Civil Appeals concluded that if the relationship between a father and his minor child was sufficiently remote, the father was not liable for necessary medical services rendered to his child; that what are necessaries is determined by the facts of each case; and that the totality of the circumstances as stipulated in the trial court justified the court's conclusion that the medical expenses were legally not necessaries for which the father should be liable.
The Court of Civil Appeals cited the following circumstances to justify its holding:
1. The father's divorce "sometime prior" from the mother;
2. Lack of contact with the child for more than five years prior to the date of services;
3. Lack of knowledge of the pregnancy or the service rendered at delivery of the illegitimate child; *Page 537 
4. Absence of evidence of the divorce judgment's terms or of any other medical payments for the child by the father;
5. An unsuccessful attempt to collect payment from the child's stepfather.
The parent and child relationship extends equally to every child and to every parent, regardless of the marital status of the parents. Ala. Code 1975, § 26-17-3. Parental support is a fundamental right of all minor children. It is a continued right, which cannot become stale until after the child reaches the age of majority. Williams v. State, 504 So.2d 282
(Ala.Civ.App. 1986). The right of support is inherent and cannot be waived, even by agreement. Northcutt v. Cleveland,464 So.2d 112 (Ala.Civ.App. 1985); Willis v. LeVesque, 402 So.2d 1003
(Ala.Civ.App. 1981).
It is well established in this state that a father has a legal and moral duty to support his minor children, Ala. Code 1975, § 30-3-1; Brock v. Brock, 281 Ala. 525, 205 So.2d 903
(1967); Hamilton v. Hamilton, 428 So.2d 65 (Ala.Civ.App. 1983), and this duty exists even though the father is not the custodian of the children, Cunningham v. Cunningham,480 So.2d 1238 (Ala.Civ.App. 1985); Hamilton v. Hamilton, supra. Section 30-3-1 contemplates support for the children of divorced parents who, but for the divorce, would have continued to be entitled to the support of their father. It stems from the presumed inability of such children, by reason of their minority, to provide for themselves. Ex parte Brewington,445 So.2d 294 (Ala. 1983). This duty of support includes the obligation to pay for medical necessaries of the children. §30-3-1; Waltman v. Waltman, 480 So.2d 594 (Ala.Civ.App. 1985); see, also, Blue Cross Blue Shield v. Bolding,465 So.2d 409 (Ala.Civ.App. 1984).
 "The term necessaries . . . contemplates and includes many things . . .; [and] medical care has ever and always been included among necessaries, and when needed is the proper subject of recovery in a civil action. This proposition has never been doubted."
Osborn v. Weatherford, 27 Ala. App. 258, 259, 170 So. 95, 96
(1936).
Appellate courts of this State have considered circumstances affecting the determination of "necessaries." The determination of what are necessaries depends upon the facts and circumstances of each case. See Ragan v. Williams, 220 Ala. 590,127 So. 190 (1930); Nelson v. Nelson, 421 So.2d 120
(Ala.Civ.App. 1982); Guthrie v. Bobo, 32 Ala. App. 355, 26 So.2d 203
(1946). Lack of knowledge of the fact that necessaries are furnished does not relieve a father of responsibility to furnish maintenance to minor children, Guthrie v. Bobo, supra; nor does refusal to consent to medical services relieve a father of liability, Nelson v. Nelson, supra; nor does the fact that the divorce judgment does not require him to pay either child support or medical expenses of the child relieve him of liability. Northcutt v. Cleveland, supra.
Furthermore, where a divorce judgment grants the custody of a minor child to its mother but makes no provision for its support, and a third person thereafter supports it or furnishes it with necessaries, the father is liable to the third person therefor. See Barrett v. Barrett, 44 Ariz. 509, 39 P.2d 621
(1934); Stech v. Holmes, 210 Iowa 1136, 230 N.W. 326 (1930);Dilger v. Dilger, 271 S.W.2d 169 (Tex.Civ.App. 1951); Rees v.Archibald, 6 Utah 2d 264, 311 P.2d 788 (1957).
The Court of Civil Appeals cited Akron City Hospital v.Anderson, 68 Ohio Misc. 14, 428 N.E.2d 472 (1981), as generally supporting its conclusion that the daughter's medical care was not a legal necessary for which Patterson was liable. In Akron, a 15-year old girl was admitted to the hospital for an elective, non-therapeutic abortion. The Court in Akron noted that the father was divorced from the mother, did not consent to the abortion, had no knowledge of the pregnancy or of the abortion until after the child's release from the hospital, and did not at any time agree to the services performed by the hospital. The Akron court concluded:
 "The liability of this defendant is predicated on a showing of the necessity of the medical procedure and a similar situation *Page 538 
was present as to the state's responsibility. It is consistent with the reasoning of the Supreme Court cases to equate the state's responsibility to the liability of the defendant, a noncustodial father. The natural conclusion of this reasoning is that a noncustodial father who neither consented nor authorized the abortion is not liable for the same unless it was medically necessary." (Emphasis added.)
68 Ohio Misc. at 18, 428 N.E.2d at 475. In Akron, there was no evidence that there was a medical necessity for the abortion. However, in the instant case, as distinguished from Akron, the trial court rendered judgment on the stipulated fact that the "medical services were necessary and the amount of the bill was reasonable."
In the instant case, the Court of Civil Appeals determined that the stipulated medical necessity was not a legal necessary for which Patterson could be held liable, because of his remote relationship with his daughter. However, it is the opinion of this Court that once medical services to minors are deemed medically necessary, the lack of a close relationship between the parent and the child cannot be a basis for avoiding liability. Although a father is not always liable for the expenses of his minor child regardless of the nature of those expenses, the determination of liability is based upon the question of whether the expense is necessary, not on the quality of the relationship between the father and the minor child.
Many children throughout Alabama rely upon the courts of Alabama, pursuant to Title IV-D of the Social Security Act (42 U.S.C. § 651 et seq.) and the Child Support Act of 1979 (Ala. Code 1975, § 38-10-1 et seq.), to see that their parents provide their support. Many absent parents, like Patterson, have gone many years without paying support, without maintaining contact with their children, and without making themselves knowledgeable as to the specific needs of their children, medical or otherwise. From the record before us, there is nothing to indicate that Patterson's lack of contact with his daughter was not the result of his own doing. To hold that the circumstances in this case can absolve Patterson from his legal duty to provide needed medical care for his minor daughter could have the result of encouraging absent parents to avoid contact and communication with their children. If we affirm the judgment of the Court of Civil Appeals, then an absent father, by avoiding contact with his minor child for an extended period of time, could avoid responsibility for vital medical services which, though admittedly necessary to the child's health and welfare, are deemed not legal necessaries because of the absent parent's "remoteness" from the child. To allow such a judgment to stand would conflict with the child support laws in Alabama and with the stated intent of the Alabama Legislature "that children shall be maintained from the resources of the responsible parents." See Ala. Code 1975, §38-10-11 (1988 Supp.); State ex rel. Wilson v. Wilson,475 So.2d 194 (Ala.Civ.App. 1985). We will do nothing to circumvent the fundamental right of a child to financial support from its parents, wherever they live and whether such parents live together or apart. A child has this fundamental right to financial support until its majority or death or a legal termination of parental rights.
Based on the facts before us, we conclude that the Court of Civil Appeals made an erroneous conclusion of law. The remoteness of the relationship between a father and his minor child does not affect the necessity of medical services to that minor child. The medical services were stipulated to be necessary and reasonable. No single circumstance was sufficient to excuse Patterson from liability, nor was the totality of the circumstances sufficient to justify the Court of Civil Appeals' conclusion that the medical services were legally not necessaries for which Patterson should be liable.
We, therefore, reverse the judgment of the Court of Civil Appeals and remand the case for proceedings consistent with this opinion.
REVERSED AND REMANDED. *Page 539 
JONES, ALMON, SHORES, ADAMS and STEAGALL, JJ., concur.
MADDOX, J., dissents.