AHARONI, Appellant,

v.

MICHAEL, Appellee.

[Cite as *Aharoni v. Michael* (1991), 74 Ohio App.3d 260.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–1365.

Decided May 28, 1991.

*Jerry L. Bunge,* for appellant.

*Abroms & Weisz* and *J. Harris Leshner,* for appellee.

PETREE, Judge.

Plaintiff, Ruth D. Aharoni, Ph.D., appeals from a judgment of the Franklin County Municipal Court. The cause was tried before the Franklin County Municipal Court on the stipulations and documentary evidence submitted by the parties. The court found in favor of defendant, Robert B. Michael. Plaintiff asserts three assignments of error:

"I. The trial court erred by failing to find a contract implied-in-law (quasi-contract) between Appellant and Appellee and that Appellee is liable for necessary services provided to his minor children.

"II. The trial court erred by failing to find a contract implied-in-fact between Appellant and Appellee and that Appellee is liable for necessary services provided to his minor children.

"III. The trial court erred by holding that Appellee must have refused to provide for his minor children's welfare in order to be liable for necessary services provided to his minor children."

The basic question presented in this case is whether a psychologist may charge a noncustodial parent residing out of the state for post-divorce psychological and counseling services rendered to said parent's minor children. The undisputed facts are as follows.

Defendant is the father of three minor children born during his marriage to Janet Michael. During this marriage, the children were brought to plaintiff for psychological counseling. The counseling began in 1985 and concluded in 1988. In the meantime, plaintiff became aware that the Michaels were planning a divorce. The Michaels eventually obtained a divorce on April 15, 1987, and defendant became a resident of Massachusetts.

Although defendant knew that some counseling services were being rendered, he denied knowing the extent of such services. It is stipulated that rarely, if ever, did he take the children to plaintiff for such counseling. Initially, the Michaels' divorce decree provided that defendant was to submit some of the bills owed to plaintiff to defendant's insurance carrier and that defendant would owe one half of any uncovered bills. However, the Michaels subsequently executed an agreed judgment entry in the domestic relations court whereby Janet Michael agreed defendant would no longer be liable for any of the unpaid bills.

Some of the counseling bills were paid by defendant's insurance carrier. Nevertheless, plaintiff initiated suit against defendant for the unpaid portion. Plaintiff's standard billing practice is to send the original billing statement to the custodial parent and photocopies to the noncustodial parent. Plaintiff believes that copies were sent to defendant in Massachusetts. However,

defendant denies receiving any bills or statements until he received a copy of plaintiff's complaint in Massachusetts.

It is further stipulated that plaintiff never entered into a written contract with defendant and further that plaintiff had no express oral contract with him regarding the services in question. Likewise, it is stipulated that the services rendered were both "necessary and reasonable."

Plaintiff's first amended complaint sought judgment against defendant for the value of the services rendered. The action was based on principles of restitution and implied contract. Plaintiff did not sue Janet Michael. However, defendant filed a claim against his ex-wife for indemnification by virtue of his rights under the agreed judgment entry executed in the domestic relations court.

The municipal court found that both parents were obligated under the common law to provide "necessaries" for their minor children and that the services rendered did constitute necessaries. However, the court also found that defendant was not made aware of either the scope or extent of the services rendered, as he denied receiving any information concerning the bills. The court found plaintiff's mere belief that bills were sent to defendant unpersuasive. The court further found that the insurance payments did not establish that defendant knew of the large counseling bills. Consequently, given the sparse record, the court concluded that plaintiff failed to make out a claim for necessaries and restitutionary relief and that there was no implied-in-fact contract. The court did, however, charge defendant with a $197.50 bill for counseling services provided to defendant himself.

Plaintiff's cause of action for restitutionary or quasi-contractual relief is essentially predicated on the law of "necessaries." See Restatement of the Law, Restitution (1937) 464, Section 113. The first and third assignments of error are therefore interrelated and will be considered together.

"A father's natural duty to support his children is generally recognized. In Ohio, this duty is enjoined by both statute and common law. * * *" *Kulcsar v. Petrovic* (1984), 20 Ohio App.3d 104, 105, 20 OBR 126, 126–27, 484 N.E.2d 1365, 1366. Indeed, this duty has been variously characterized as a "principle of natural law," *Pretzinger v. Pretzinger* (1887), 45 Ohio St. 452, 458, 15 N.E. 471, 473, which is fundamental in our society. *In re Terrell* (1976), 48 Ohio App.2d 352, 353, 2 O.O.3d 353, 354, 357 N.E.2d 1113, 1115; *Children's Hosp. v. Johnson* (1980), 68 Ohio App.2d 17, 18, 22 O.O.3d 11, 426 N.E.2d 515, 516. Moreover, this duty is not impaired by the termination of the marriage. *Pretzinger, supra,* paragraph one of the syllabus. Nor is the collective obligation to reimburse third parties for necessaries impaired by the parents' divorce or dissolution assigning different duties between themselves.

*Children's Hosp., supra,* paragraph two of the syllabus. Consequently, although one trial court has said that R.C. 3103.03 may not provide third persons with a cause of action against a father for necessaries provided to minor children, *Fifth Third Bank/VISA v. Gilbert* (1984), 17 Ohio Misc.2d 14, 16, 17 OBR 406, 409, 478 N.E.2d 1324, 1327, we think the better view is that the common law allows such a cause of action in addition to any rights stated in the applicable version of the statute.

█ Some courts have attempted to state generally the types of expenses that may qualify as necessaries. *Kulcsar, supra,* 20 Ohio App.3d at 105, 20 OBR at 127, 484 N.E.2d at 1366; *Smith v. Sutter* (1951), 90 Ohio App. 320, 47 O.O. 427, 106 N.E.2d 658, paragraph one of the syllabus. Nevertheless, it is apparent that in many instances characterization should be made on a case-by-case basis depending upon the individual circumstances involved.

█ Here, plaintiff relies on *Children's Hosp., supra,* for the proposition that medical expenses qualify as necessaries for minor children. Plaintiff argues by analogy that psychological services are likewise necessaries for minor children. Moreover, plaintiff claims that defendant admitted that the services in question were necessaries by stipulating that the services were "necessary and reasonable."

█ The stipulation in question does not establish defendant's liability in this case. To establish a claim for necessaries in a case like this one, in light of all the attendant circumstances, plaintiff must have unofficiously and in good faith provided necessary and reasonable goods or services with the intent to charge the defendant's credit, and only if the defendant neglected provision of such services and refused to do so. See *Smith, supra,* 90 Ohio App. at 322–323, 47 O.O. at 428–429, 106 N.E.2d at 660; *Central Ohio Neurological Surgeons, Inc. v. Fry* (June 15, 1989), Franklin App. No. 88AP–1186, unreported, 1989 WL 65441.

Here, the trial court found that defendant was not notified of the scope and extent of the services rendered. In other words, there was no evidence that he neglected or refused to provide the necessaries.

A majority of jurisdictions do not require creditors to make any demand or to give notice to charge a parent for necessaries. See Annotation, Father's Liability for Support of Child after Entry of Decree of Absolute Divorce not Providing for Support (1960), 69 A.L.R. 203, Section 12. However, Ohio appears to adhere to a distinct minority view.

█ As noted in *Akron City Hosp. v. Anderson* (1981), 68 Ohio Misc. 14, 15, 22 O.O.3d 238, 239, 428 N.E.2d 472, 474, a noncustodial parent is obligated to pay for medical services rendered in emergency treatment for his or her

child. However, in a nonemergency situation, the custodial parent is not clothed with authority to obligate the supporting noncustodial parent until that parent neglected or refused to make suitable provisions. *Id.* at 16, 22 O.O.3d at 239, 428 N.E.2d at 474, citing *Hackenberg v. Hackenberg* (1911), 32 Ohio C.D. 223, 17 C.C. (N.S.) 456, affirmed without opinion (1913), 88 Ohio St. 567, 106 N.E. 1060.

In *Anderson,* the court found that the noncustodial father was not liable for an elective abortion performed on his minor child when said procedure was neither requested nor authorized by him. The court also noted that treatment for elective abortion was not a natural incident of the child's custody. The court thus found that the hospital in which the abortion was performed had no cause of action based on the law of necessaries or implied contract.

█ In the present case, plaintiff has failed to demonstrate that she is entitled to charge defendant for the services rendered. Her bare expectation that defendant would pay for the services was not enough to establish a right of restitution where there was no awareness of the need for and the rendering of said services and where defendant neither requested nor refused to provide the services.

Accordingly, plaintiff's first and third assignments of error are not well taken.

█ In the second assignment of error, plaintiff maintains that the trial court erred in failing to find an implied-in-fact contract for the services in question. Plaintiff maintains that the circumstances herein give rise to an inference that there was an agreement between the parties. Plaintiff emphasizes that, in defendant's initial divorce decree, he was obligated to pay for one half of the bills owed to plaintiff.

█ We note that plaintiff is not arguing that she is enforcing the initial decree under Civ.R. 71. Obviously, plaintiff has not brought an action in contempt in the domestic relations court as a beneficiary of that order. Rather, plaintiff is claiming that this court should infer a contract from defendant's knowledge of her services. First, plaintiff has not established the requisite knowledge to the satisfaction of the court. Second, we think it plain that a contract does not arise by mere knowledge of performance or tangential benefit. Simply put, there is no evidence of an implied-in-fact contract on the facts presented.

Plaintiff's second assignment of error is not well taken.

For the foregoing reasons, plaintiff's assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

JOHN C. YOUNG and PEGGY BRYANT, JJ., concur.