HOSE et al., Appellees,

v.

GATLIFF, Appellant, et al.

[Cite as *Hose v. Gatliff,* 176 Ohio App.3d 356, 2008-Ohio-2430.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 23704.

Decided May 21, 2008.

William E. Love II, for appellees.

Kenneth L. Gibson, for appellant.

Per Curiam.

## INTRODUCTION

{¶ 1} The issue in this appeal is whether Tracy Gatliff neglected to provide necessary medical care for her minor daughter. The daughter, Erica Hose, lived with Gatliff's parents, Wayne and Carole Hose, for the year between her 17th and 18th birthdays. During that time, Erica was covered under Mr. and Mrs. Hose's medical insurance, and Mr. and Mrs. Hose paid applicable deductibles and co-pays for her as they arose. The trial court awarded Mr. and Mrs. Hose judgment against Gatliff for those deductibles and co-pays, as well as for amounts their insurance company paid on Erica's behalf. This court affirms because the trial court's decision to overrule Gatliff's objections to the magistrate's decision was not unreasonable, arbitrary, or unconscionable and because Gatliff failed to object to the magistrate's determination that Mr. and Mrs. Hose could recover for medical expenses assigned to them by their insurer.

## FACTUAL BACKGROUND

{¶ 2} It is unclear why the relationship among the three generations involved in this case broke down. Shortly after her 17th birthday, however, Erica Hose was at a "safe house." Her maternal grandparents, Mr. and Mrs. Hose, picked her up at the safe house and took her home to live with them.

{¶ 3} Mrs. Hose and Erica obtained a civil protection order against Gatliff, prohibiting her from having any contact with either of them, and Gatliff did not have any contact with them or with Mr. Hose, other than to defend a lawsuit Erica brought against her in Medina County Court of Common Pleas. As a result of that lawsuit, Gatliff turned over to Erica clothing and other property she had left at Gatliff's house when she went to the safe house.

{¶ 4} Erica and Mr. and Mrs. Hose brought this case against Gatliff in Summit County Domestic Relations Court to recover various expenses connected with Erica's care. A magistrate determined that Mr. and Mrs. Hose could recover for amounts they had spent on food, clothing, and prescription co-pays for Erica. It also determined that Mr. and Mrs. Hose could recover $3,711.49 in out-of-pocket medical expenses they had incurred for Erica and $6,496.35 their insurance company paid for medical care for Erica. Both sides filed objections to the magistrate's decision, but the trial court overruled their objections and entered judgment against Gatliff. Gatliff has appealed, assigning three errors regarding the trial court's conclusion that she must pay Erica's medical expenses.

## STANDARD OF REVIEW

{¶ 5} When the trial court rules on objections to a magistrate's decision, it "shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d). This court has held that "[t]he trial court has the 'authority to determine if the [magistrate's] findings of fact are sufficient to support the conclusions of law * * * [and to] come to a different legal conclusion if that conclusion is supported by the [magistrate's] findings of fact.'" *Swift v. Swift,* 9th Dist. No. 23642, 2008-Ohio-1055, 2008 WL 649583, at ¶ 7 (quoting *Weitzel v. Way,* 9th Dist. No. 21539, 2003-Ohio-6822, 2003 WL 22956521, at ¶ 18).

{¶ 6} The "decision to modify, affirm, or reverse a magistrate's decision lies within the discretion of the trial court"; accordingly, this court may not reverse the trial court's decision absent an abuse of discretion. *Briarwood v. Bratanov,* 9th Dist. No. 23318, 2007-Ohio-2476, 2007 WL 1489876, at ¶ 9 (citing *Kalail v. Dave Walter Inc.,* 9th Dist. No. 22817, 2006-Ohio-157, 2006 WL 120064, at ¶ 5); *Mealey v. Mealey* (May 8, 1996), 9th Dist. No. 95CA0093, 1996 WL 233491, at *2. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. Furthermore, "[a]ny claim of trial court error must be based on the actions of the trial court, not on the magistrate's findings or proposed decision." *Love v. Love,* 9th Dist. No. 22976, 2006-Ohio-3559, 2006 WL 1896366, at ¶ 15 (quoting *Mealey,* 1996 WL 233491, at *2).

## ADVANCE NOTICE AND NECESSITY

{¶ 7} Gatliff's first two assignments of error were argued by the parties, and will be considered by this court, together. Gatliff's first assignment of error is that the trial court incorrectly entered judgment against her for Erica's medical expenses because Mr. and Mrs. Hose failed to notify her that Erica needed medical treatment and because she never refused to provide that treatment. Her second assignment of error is that the trial court incorrectly entered judgment against her for Erica's medical expenses because she had health-insurance coverage for Erica that Mr. and Mrs. Hose failed to utilize. Gatliff has pointed out that she maintained insurance on Erica during the time Erica lived with Mr. and Mrs. Hose and that, in fact, most of the prescriptions on which Mr. and Mrs. Hose paid co-pays were covered by that insurance rather than by their insurance. According to Gatliff, if she had been provided advance notice, she could have made arrangements for her insurance company to pay for Erica's care.

{¶ 8} Mr. and Mrs. Hose's claim against Gatliff was based on R.C. 3103.03, which provides that a parent must support her minor children. Subpart (D) of that section provides that "if a parent neglects to support the parent's minor child * * * and if the minor child in question is unemancipated, any other person, in good faith, may supply the minor child with necessaries for the support of the minor child and recover the reasonable value of the necessaries supplied from the parent who neglected to support the minor child." Gatliff has argued that she did not "neglect" to provide medical care for Erica because the care Erica received was not emergency care, and nobody informed her that Erica needed it before it was rendered. She has also argued that Mr. and Mrs. Hose did not satisfy the element of good faith because they failed to provide her with any of Erica's medical bills for more than a year after Erica's care had been rendered.

{¶ 9} The magistrate noted that although Gatliff argued that she should not be held responsible for Erica's medical bills because Mr. and Mrs. Hose failed to submit them to her until it was too late for her to seek reimbursement from her insurance company, she had not appealed her insurance company's denial of benefits. The magistrate also noted that, although there was a civil protection order barring Gatliff from having contact with Erica or Mrs. Hose, Gatliff was not barred from communicating with Mr. Hose.

{¶ 10} The magistrate found that Gatliff had told Mr. and Mrs. Hose that, "you got the kid, you get to pay for her now." The magistrate also found that even though Gatliff admitted receiving a telephone call from Mr. Hose that Erica was in the hospital having emergency back surgery, she failed to inform him that she had insurance that would cover the operation or provide him with an insurance card. The magistrate further found that although Gatliff disagreed with Mr. and Mrs. Hose's medical expert's opinion that all of Erica's treatments, procedures, and surgery were medically necessary, she failed to provide an expert of her own or present any other evidence indicating that the medical care was not necessary. The magistrate, therefore, granted Mr. and Mrs. Hose all of the medical expenses they had sought.

{¶ 11} Although Gatliff objected to the magistrate's medical expense determination, the trial court adopted the magistrate's decision as its own. The trial court noted that medical expenses constitute necessaries under R.C. 3103.03. It reviewed the medical expenses incurred by Mr. and Mrs. Hose and found them to be "reasonable and necessary." Regarding Gatliff's argument that she had health insurance available for Erica, the trial court found that Gatliff had not communicated that fact to Mr. and Mrs. Hose and had refused to return Mr. Hose's telephone calls. The trial court concluded that "[t]he facts herein illustrate a blatant failure by the parents to provide goods and services for their child. The parents practically cut off all ties with their daughter and the

grandparents. These facts alone prove a neglect to support." The trial court, therefore, overruled Gatliff's objections.

{¶ 12} This court concludes that the trial court's decision to overrule Gatliff's objections and adopt the decision of the magistrate was not unreasonable, arbitrary, or unconscionable. Mrs. Hose testified that Gatliff had told her that "[s]he would not pay for anything, not to bother her, not to call her. She—if we wanted her, we could have her and we could pay for her." Mr. Hose testified that he called Gatliff to tell her about Erica's back surgery, but she would not speak to him. Gatliff admitted that she did not tell Mr. Hose that she had insurance coverage for Erica, provide him with documentation of insurance coverage, or ask him to submit the bills to her insurance company. Accordingly, it was not an abuse of discretion for the trial court to conclude that Mr. and Mrs. Hose could recover from Gatliff for Erica's medical expenses. Gatliff's first and second assignments of errors are overruled.

### ASSIGNMENT OF RIGHTS

{¶ 13} Gatliff's third assignment of error is that the trial court erred when it allowed Mr. and Mrs. Hose to recover for the medical expenses their insurance company paid for Erica under a claimed assignment of rights. She has argued that Mr. and Mrs. Hose failed to establish that their insurance company had a valid claim for necessaries against her.

{¶ 14} Mr. and Mrs. Hose have asserted that Gatliff waived her argument by failing to properly raise it in her objections to the magistrate's decision. Civ.R. 53(D)(3)(b)(iv) provides that "a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ. R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ. R. 53(D)(3)(b)." Civ.R. 53(D)(3)(b)(ii) provides that "[a]n objection to a magistrate's decision shall be specific and state with particularity all grounds for objection."

{¶ 15} In her objections to the magistrate's decision, Gatliff argued generally that "[t]he magistrate erred in finding that Defendant owes * * * actual medical expenses incurred by [Mr. and Mrs. Hose] on behalf of the minor child and medical insurance expenses in the amount of." In her brief in support of her objections, Gatliff argued that she should not have to pay for Erica's medical expenses because she had insurance coverage for Erica that Mr. and Mrs. Hose failed to use, because Mr. and Mrs. Hose did not incur any additional cost to insure Erica, because a civil protection order prohibited her from contacting Erica or Mrs. Hose, because Mr. and Mrs. Hose never requested information about her insurance coverage for Erica, because Mr. and Mrs. Hose's medical

expert was not an expert on medical billing, because the medical bills were incomplete, and because Mr. and Mrs. Hose did not satisfy the good-faith element required by R.C. 3103.03(D). Gatliff did not specifically argue that Mr. and Mrs. Hose's insurance company did not have a valid claim against her under R.C. 3103.03(D). She, therefore, forfeited that argument for appeal. Gatliff's third assignment of error is overruled.

## CONCLUSION

{¶ 16} The trial court's decision that Mr. and Mrs. Hose could recover from Gatliff for their granddaughter's medical expenses was not unreasonable, arbitrary, or unconscionable, and Gatliff forfeited her argument that Mr. and Mrs. Hose's insurance company did not have a valid claim against her. Gatliff's assignments of error are overruled, and the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

CARR, P.J., and MOORE, J., concur.

DICKINSON, J., dissents.

DICKINSON, Judge, dissenting.

{¶ 17} As the majority has correctly noted in paragraph 5 of its opinion, in reviewing a magistrate's decision, a trial court may come to a different legal conclusion if that conclusion is supported by the magistrate's findings of fact. That is, the trial court is to correctly apply the law to the magistrate's factual findings. Neither a trial court nor this court has discretion to disregard the law, even when reviewing a magistrate's decision.

{¶ 18} At paragraph 56 of her decision, the magistrate wrote: "Mother admitted to receiving a telephone message from Mr. Hose informing her that Erica was in the hospital having emergency back surgery." There was absolutely no evidence in the record supporting that finding.

{¶ 19} Mr. Hose's testimony about his telephone call to Gatliff was: "I called her when Erica was in the hospital having back problems, and told her, maybe she needed to get down there to see her, that she was having a rough time of it." He did not testify that he told her it was "emergency back surgery." He did testify that Erica had been to the emergency room several times in the week to ten days before her surgery, but he did not testify that her back surgery, or any other treatment she received, was emergency treatment. Gatliff's testimony about Mr. Hose's telephone call was: "He left a message. To the best of my recollection, it had something to do with her having an infection that was very

serious, and that she was in Wadsworth Hospital. I called the next morning, approximately sometime before noon. They indicated that she had been released."

{¶ 20} Gatliff, however, did not object to the magistrate's finding that she admitted that Mr. Hose told her that Erica was "having emergency back surgery." That finding, however, was not a finding that the back surgery was, in fact, emergency back surgery. The magistrate did not make a finding that the back surgery or any other treatment provided to Erica was, in fact, emergency treatment, and there is no evidence in the record that would have supported such a finding.

{¶ 21} The magistrate also did not find that anybody notified Gatliff before Erica was provided any of the treatment for which Mr. and Mrs. Hose sought recovery, and the record would not have supported a finding that anybody had. There was no evidence that anybody notified Gatliff in advance of Erica's back surgery or any other medical care she received.

{¶ 22} The question of law presented by this case, therefore, is whether payments for nonemergency medical care to a minor can be recovered under R.C. 3101.03(D) in the absence of advance notice to the minor's parent. This court's standard of review for this question, as it is for all questions of law, is de novo. E.g., *Akron–Canton Waste Oil Inc. v. Safety–Kleen Oil Serv., Inc.* (1992), 81 Ohio App.3d 591, 602, 611 N.E.2d 955.

{¶ 23} In Ohio, a parent is not obligated to pay for nonemergency medical care provided her minor child unless, after being provided notice, she "neglected or refused to make suitable provisions." *Aharoni v. Michael* (1991), 74 Ohio App.3d 260, 264–265, 598 N.E.2d 1215 (citing *Akron City Hosp. v. Anderson* (M.C.1981), 68 Ohio Misc. 14, 15, 22 O.O.3d 238, 428 N.E.2d 472). Inasmuch as the magistrate neither found that the care given to Erica was emergency care or that Gatliff was provided notice before that care was given, the trial court's determination that Mr. and Mrs. Hose are entitled to reimbursement for the amounts they and their insurance company paid on Erica's behalf is wrong as a matter of law.

{¶ 24} Gatliff has pointed out that she maintained insurance on Erica during the time Erica lived with Mr. and Mrs. Hose and that, in fact, most of the prescriptions on which Mr. and Mrs. Hose paid co-pays were covered by that insurance rather than by their insurance. According to her, if she had been provided advance notice, she could have made arrangements for her insurance company to pay for Erica's care.

{¶ 25} As noted by the majority, the magistrate did find that Gatliff told Mr. and Mrs. Hose, "You got the kid, you get to pay for her now." While

unfortunate, that statement is a far cry from a waiver of advance notice as a prerequisite to liability under R.C. 3103.03(D).

{¶ 26} Inasmuch as the magistrate did not find that any of the medical care provided Erica was emergency care or that Gatliff was informed of the proposed care before it was provided, the trial court erred by determining that Mr. and Mrs. Hose were entitled to judgment against Gatliff for the amounts they and their insurance company paid for that care. Gatliff's first assignment of error should be sustained, and her second and third assignments of error should be overruled as moot.