DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Michael Quintile ("Husband"), appeals the judgment of the Medina County Court of Common Pleas, Domestic Relations Division, which denied Husband's motion to modify child support. This court affirms.
 I. {¶ 2} Husband and Tina Quintile ("Wife") were married on July 22, 1978, and divorced in 1982. On December 15, 1991, the parties re-married. The parties were again divorced with the judgment entered on June 16, 2006. Husband and Wife have three children together.
 {¶ 3} On October 10, 2007, a hearing was held before a magistrate on Husband's motion to modify child support, Wife's motion to show cause regarding child support, and Husband's Civ. R. 60(B) motion regarding two motorcycles. On November 15, 2007, the magistrate's decision was entered finding that Husband "should continue to pay $499.88 per month per child plus 2% processing charge plus an additional $199.95 per month plus 2% *Page 2 
processing charge towards his arrearages until they are paid in full or until further order of this court." Furthermore, the magistrate found "that child support should continue for [daughter] as she is attending an accredited school full-time and that she has not emancipated."
 {¶ 4} On November 19, 2007, Husband filed an objection to the magistrate's decision entered November 5, 2007. Husband's sole objection was that "[t]here is inadequate evidence to support the Magistrate's decision that [Husband] has income of $78,082.33. The Magistrate erroneously assumed that [Husband] still has the income imputed at trial." On January 16, 2008, a hearing was held on Husband's objections to the magistrate's findings. On February 15, 2008, the trial court rejected Husband's objections and held that the "Magistrate's Decision is affirmed and adopted as an order of the court as if fully rewritten herein." Husband timely appeals.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED IN DENYING FATHER'S MOTION TO MODIFY CHILD SUPPORT WHEN THE COURT ERRONEOUSLY IMPUTED INCOME TO FATHER."
 {¶ 5} Husband argues that the trial court erred in denying his motion to modify child support because no evidence was presented to show that the income on his tax returns were supplemented by cash that was unreported and also because the court did not specifically consider all of the appropriate factors when it imputed the disputed income to him. This Court disagrees.
 {¶ 6} Trial court decisions regarding child support obligations, will not be disturbed by a reviewing court absent an abuse of discretion,Rock v. Cabral (1993), 67 Ohio St.3d 108, syllabus, nor will decisions regarding the modification of child support, Bennett v. Bennett, 9th Dist. No. 22798, 2006-Ohio-1305, at ¶ 13, quoting Humiston v.Humiston, 9th Dist. No. *Page 3 
04CA0076-M, 2005-Ohio-4363, at ¶ 14, or "decision[s] to modify, affirm, or reverse a magistrate's decision[.]" Hose v. Gatliff,176 Ohio App.3d 356, 2008-Ohio-2430, at ¶ 6. Abuse of discretion extends beyond a mere error of law or judgment and "implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. Put another way, abuse of discretion is a "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621. In addition, this court should not substitute its judgment for that of the trial court, id., and "should not reverse the factual findings of the trial court, where there is `some competent and credible evidence' in support of the trial court's findings." Keller v. Keller, 9th Dist. No. 04CA0084, 2005-Ohio-3302, at ¶ 7, Wisintainer v. Elcen Power StrutCo. (1993), 67 Ohio St.3d 352, 355. "Furthermore, `[a]ny claim of trial court error must be based on the actions of the trial court, not on the magistrate's findings or proposed decision." Hose at ¶ 6, quotingMealey v. Mealey (May 8, 1996), 9th Dist. No. 95CA0093.
 {¶ 7} Trial courts can impute income to a parent in child support proceedings; however, the court must first find that the parent is voluntarily unemployed or underemployed. Keller at ¶ 13. "[T]he question [of] whether a parent is voluntarily (i.e., intentionally) unemployed or voluntarily underemployed is a question of fact for the trial court."Rock, 67 Ohio St.3d at 112.
 {¶ 8} When determining the amount of income to be imputed to an underemployed parent, the trial court is to follow the criteria listed in R.C. 3119.01(C)(11)(a) which states:
 "(i) The parent's prior employment experience;
 "(ii) The parent's education;
 "(iii) The parent's physical and mental disabilities, if any;
 "(iv) The availability of employment in the geographic area in which the parent resides; *Page 4 
 "(v) The prevailing wage and salary levels in the geographic area in which the parent resides;
 "(vi) The parent's special skills and training;
 "(vii) Whether there is evidence that the parent has the ability to earn the imputed income;
 "(viii) The age and special needs of the child for whom child support is being calculated under this section;
 "(ix) The parent's increased earning capacity because of experience;
 "(x) Any other relevant factor."
Furthermore, the party moving for modification of child support has "the burden of proof of establishing how the relevant factors would support a modification of his child support obligation." Keller at ¶ 17. Finally, it is not the trial court's duty to investigate or develop evidence not presented by the parties[,]" and "the trial court may presume that any factor not substantiated by evidence is immaterial to its determination of imputing income." Wilburn v. Wilburn, 169 Ohio App.3d 415,2006-Ohio-5820, at ¶ 38, citing Keller at ¶ 17.
 {¶ 9} In the case sub judice, the trial court adopted the findings of the magistrate entered November 5, 2007. In coming to this conclusion, the trial court noted the facts determined and relied upon by the magistrate in regard to Husband's sole objection to the magistrate's findings. The trial court specifically noted the exact method used by the magistrate in determining the amount of income to impute to husband. The trial court recognized that the magistrate first took Husband's average income from 2004-2006, and then imputed income to that number after recognizing the existence of annual cash income that Husband did not report. The trial court also acknowledged that the amounts used to determine the yearly average of *Page 5 
unreported cash income were based on information from Husband's own handwritten records submitted to the trial court during the divorce proceedings.
 {¶ 10} Furthermore, the trial court recognized specifically that the magistrate's "conclusions as to how much income to impute to the parties is consistent with consideration of R.C. 3119.01(C)(11)(a)(i) through (x)."
 {¶ 11} The trial court's decision was not unreasonable, arbitrary, or unconscionable, but, rather, was based on "competent and credible evidence" as developed and recognized by the magistrate. SeeKeller at ¶ 7 Furthermore, the trial court considered the factors in R.C. 3119.01(C)(11) in reaching its conclusion. Therefore, the trial court did not abuse its discretion in holding that Husband's objection to the magistrate's findings concerning the amount of imputed income failed, and, in turn, denying his motion to modify child support.
 {¶ 12} Husband's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II "THE COURT ERRED IN FINDING THAT CHILD SUPPORT WAS OWED FOR A CHILD WHEN THE CHILD WAS NOT ATTENDING AN ACCREDITED SECONDARY SCHOOL AND WAS EMANCIPATED."
 ASSIGNMENT OF ERROR III "THE COURT ERRED IN VACATING THE ENFORCEMENT AGENCIES [sic] ORDER OF TERMINATION OF SUPPORT FOR [CHILD] WHEN THE COURT DID SUCH WITHOUT NOTICE AND HEARING AND WHEN CHILD WAS EMANCIPATED. THE COURT FURTHER ERRED IN FINDING THAT CHILD SUPPORT WOULD CONTIUNE PAST AGE OF NINETEEN."
 {¶ 13} Husband argues that the trial court erred in finding that the correspondence school his daughter attended at the time of the ruling was an accredited secondary school and also in finding that she was not emancipated at the age of nineteen, therefore requiring him to continue child support payments for her. However, the trial court adopted these findings which were *Page 6 
made by the magistrate assigned to the case, and Husband did not object to these specific portions of the magistrate's decision and cannot now raise them on appeal.
 {¶ 14} Civ. R. 53(D)(3)(b)(iv) provides:
 "Waiver of right to assign adoption by court as error on appeal. Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ. R. 53(D)(3)(b)."
Furthermore, Civ. R. 53(D)(3)(b)(ii) provides: "[a]n objection to a magistrate's decision shall be specific and state with particularity all grounds for objection."
 {¶ 15} In the case before this Court, Husband did file a timely objection to the magistrate's decision; however, his only objection was that "[t]here is inadequate evidence to support the Magistrate's decision that Defendant has income of $78,082.33. The Magistrate erroneously assumed that Defendant still has the income imputed at trial." Husband failed to object to the magistrate's finding in regard to the accreditation of his daughter's correspondence school, and her emancipation status. Furthermore, this Court has found that the failure to specifically object to claims decided by a magistrate results in the forfeiture of those arguments on appeal. See Hose at ¶ 14-15. Therefore, because Husband did not specifically object to the disputed findings of the magistrate set forth in Husband's second and third assignments of error, those claims have been forfeited and may not now be raised on appeal.
 {¶ 16} Husband's second and third assignments of error are overruled.
 III. {¶ 17} Husband's three assignments of error are overruled. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is affirmed.
 Judgment affirmed. *Page 7 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
 SLABY, J., DICKINSON, J., CONCUR *Page 1