# Smith *v.* Gibson.

*Action on Promissory Note, by Payee against Maker.*

1. *Action against non-resident.*—Every country has jurisdiction, for the purposes of actions transitory in their nature, over all persons found within its territorial limits; and when a non-resident is found here, not having been fraudulently induced to come, and is personally served with process, his non-residence is no defense to the action.

APPEAL from the Circuit Court of Walker.

Tried before the Hon. S. H. SPROTT,

[Smith v. Gibson.]

McGuire & Collier, for the appellant, cited *Seals v. Railroad Co.*, 2 Woods, 621; *Townsend v. Smith*, 47 Wisc. 623, or 32 Amer. Rep. 793; *Scott v. Noble*, 13 Amer. Rep. 663; *Dunlap v. Cody*, 7 Amer. Rep. 129, note; *Foster v. Glazener*, 27 Ala. 396; Code, § 2928.

NeSmith & Sanford, *contra*, cited Wharton's Conf. Laws, § 711; *Peabody v. Hamilton*, 106 Mass. 217, or 76 Amer. Dec. 666; *Hale v. Lawrence*, 1 Zabr. 711, or 47 Amer. Dec. 190.

CLOPTON, J.—The action was brought by appellee in the Circuit Court of Walker county, to recover the amount due on a promissory note made by appellant. The defendant filed a plea to the jurisdiction of the court, on the ground that, at the commencement of the suit, and of the service of process, he was a resident citizen of Maryland. The assignments of error only relate to the ruling of the court, sustaining a demurrer to the plea. The summons was served on the defendant in person by the sheriff. The plea does not negative his presence in the county at the time of service; and fails to aver that he was induced by false representations, or by any artifice, to come within the jurisdiction of the court, for the purpose of obtaining service of process upon him.

The general rule is, that every country has jurisdiction over all persons found within its territorial limits, for the purposes of actions in their nature transitory. It is not a debatable question, that such actions may be maintained in any jurisdiction in which the defendant may be found, and is legally served with process. However transiently the defendant may have been in the State, the summons having been legally served upon him, the jurisdiction of his person was complete, in the absence of a fraudulent inducement to come.—*Peabody v. Hamilton*, 106 Mass. 217; 76 Amer. Dec., note, 667; Whar. Con. Laws, §§ 738, 739. The statute providing that suits against a resident free-holder or house-holder must be brought in the county of his residence, has no application.

Affirmed.