TORBERT, Chief Justice
(dissenting).
The holding of the majority results in a rule of law never intended by our statutes, case law or Rules of Civil Procedure. Additionally, this holding is contrary to sound public policy. The majority holds that in a multi-party action against both residents and individual nonresidents of this state, venue would be proper in any county of the state.
Our case law has long applied the rule of law allowing legal actions of a transitory nature against nonresident individuals to be brought and maintained in any county within the state if the nonresident is personally served with process. Smith v. Gibson, 83 Ala. 284, 3 So. 321 (1887); Steen v. Swadley, 126 Ala. 616, 28 So. 620 (1899); Lee, pro ami v. Baird, 139 Ala. 526, 36 So. 720 (1903); Jefferson County Savings Bank v. Carland, 195 Ala. 279, 71 So. 126 (1916); Conner v. Willet, 265 Ala. 319, 91 So.2d 225 (1956). The rationale of this rule is clear:
*736 The general rule is, that every country has jurisdiction over all persons found within its territorial limits, for the purposes of actions in- their nature transitory. It is not a debatable question, that such actions may be maintained in any jurisdiction in which the defendant may be found, and is legally served with process.
Smith v. Gibson, 83 Ala. 284 at 285, 3 So. 321 (1887).
But the statute makes no provision as to venue in transitory actions against nonresidents. By coming here, however transiently, defendants have submitted themselves to the jurisdiction which every state exercises over all persons within its limits in respect to matters purely personal, which, in contemplation of law, have no locality; and we apprehend there is no good reason why they should have the benefit of a personal privilege of mere convenience which the statute has conferred only upon persons having a permanent residence in this state.
Jefferson County Savings Bank v. Carland, 195 Ala. 279 at 282, 71 So. 126 (1916).
The cases which established the above rule of law did not involve a suit against both a nonresident individual and a resident of this state, the former having no venue privilege, but the latter being protected by statute as to the proper court authorized to entertain an action. This Court is now confronted with a case in which both a nonresident individual and a resident are joined as defendants. It is conceded by all, that but for the joinder of the defendant Rostan, a nonresident, venue would not be proper in Lamar County.
The majority reasons that venue is proper in Lamar County because (1) Rostan, a nonresident defendant (served by certified mail) entered a general appearance, (2) Ros-tan did not contest venue, (3) the term “found” in Rule 82(b)(2) comprehends both physical presence in the county or the entering of the general appearance. The majority then concludes that venue, being valid as to one defendant, is thus proper as to all. ARCP, 82(c); Medical Service Administration v. Dickerson, 362 So.2d 906 (Ala. 1978).
Both petitioners and respondent discuss the effect of the “changes” in our venue law intended by the adoption of the Rules of Civil Procedure, specifically Rule 82(b)(2). Both the Constitution and the statutes of Alabama provide that our Rules “shall not . . . affect the jurisdiction of circuit and district courts or venue of actions therein.” Section 6.11, Amendment 328, Constitution of Alabama of 1901; Code 1975, § 12-2-7(4) (emphasis supplied). Therefore, the only legal effect of the Rules of Civil Procedure is simply to set forth, and perhaps clarify, the statutes and case law of this state as to venue.
The fact that the nonresident defendant entered a general appearance and did not contest venue has no effect on the personal right of petitioners to claim the benefit of our venue law. If one defendant waives his venue objection, this does not waive any objections to venue his co-defendants may have. 15 Wright, Miller & Cooper, Federal Practice and Procedure, (1976), § 3829, at 192-193; Ex parte Central of Georgia Ry. Company, 243 Ala. 508, 10 So.2d 746 (1942); and W. S. Fowler Rental Equipment Company v. Skipper, 276 Ala. 593, 165 So.2d 375 (1965). “The privilege, which a resident of this state has, of being sued in the county of his permanent residence, is personal to him.” Jefferson County Savings Bank v. Carland, 195 Ala. 279 at 282, 71 So. 126, 282 (1916).
Our law which established venue of transitory actions against nonresident individuals was based upon personal service in this state; therefore, the use of the word “found” in Rule 82(b)(2) must be construed to mean “personally served” in this state. To hold otherwise would make meaningless the last clause of Rule 82(b)(2) which authorized actions to be brought “in the county where the subject of the action or portion of the same was when the claim for relief arose or the act on which the action is founded occurred or was to be performed.” The majority would rewrite the Rule to say: “Actions against nonresident individuals may be brought in any county of the state.” This is not the rule at all.
The majority would have us believe that the adoption of petitioners’ views would *737 discriminate against our own residents. Quite to the contrary, the holding in this case discriminates against Alabama residents. Except for the joinder of a nonresident individual defendant, petitioners would have the right to cause this action to be transferred to the county of their residence. The holding in the instant case is now authority for a nonresident plaintiff to bring any legal cause of action against numerous residents of our state in any county selected by the nonresident plaintiff if there be one nonresident individual joined as a party defendant. Our case law did not contemplate this result, nor do I believe this Court intended this result when it adopted the Alabama Rules of Civil Procedure.
Jurisdiction is the power of the court to entertain a cause of action. Venue, as distinguished for jurisdiction, relates to the court in which, for the sake of convenience or policy, the cause should be tried. Boswell v. Citronelle-Mobile Gathering, Inc., 292 Ala. 344, 294 So.2d 428 (1974). It is my opinion that the correct rule is that “One who resides in the state is not to be denied the right to be sued in the county wherein he resides by being joined with a defendant who is not a resident of the state, although the venue is proper as to such person.” 92 C.J.S. Venue § 100 at 809 (1955).
This Court has been presented with a venue question where one foreign corporate defendant was entitled to a change of venue and the other defendants were not. Hodges v. General Shale Products Corporation, 346 So.2d 416 (Ala. 1977). This Court, reversing an order abating the action as to the defendant objecting to improper venue, pointed out two alternatives other than dismissal — transfer of the case as to all defendants, or transfer of the case as to the defendant as to whom venue was improper.
I would grant the writ and order the case transferred to the proper county based upon the venue rights of our residents.