This is a child support arrearage and child support modification case.
The parties were divorced in 1986, and custody of the four minor children was awarded to the mother. The father was ordered to pay to the mother $1,100 per month for the support of the children.
In March 1988 the eighteen-year-old son went to live with the father. At that time the son had graduated from high school and was working forty hours per week. Effective April 1988, the father unilaterally reduced his child support payments to $825 per month. Thereafter, the father filed a motion to reduce his child support obligation. The mother also filed a motion to increase the child support, as well as a motion for contempt for failure to pay child support.
After an ore tenus hearing, the trial court denied the father's request to reduce his child support obligation and further found that the father was in arrears in child support in the amount of $2,200. The father appeals. We affirm.
The dispositive issues on appeal are whether the trial court erred in (1) denying the father's request to reduce the child support payments and (2) finding the father in arrears.
The father argues that the trial court erred in denying his request to modify his child support payments. He contends that there was a sufficient change of circumstances to warrant a reversal in that (1) both parties have remarried; (2) the mother is now employed; (3) the oldest son now resides with the father; and (4) the husband's income has decreased.
It is well settled that child support awards can be modified upon a showing of changed circumstances. Taylor v. Taylor,486 So.2d 1294 (Ala.Civ.App. 1986). If a material change in the circumstances of the parties occurs, a trial court may, in its *Page 86 
discretion, modify child support. Taylor, 486 So.2d 1294. However, whether or not to modify such support is within the sound discretion of the trial court, and its decision will not be altered on appeal absent an abuse of that discretion. Snowv. Snow, 531 So.2d 921 (Ala.Civ.App. 1988). Additionally, where evidence is presented ore tenus, the judgment of the trial court is presumed to be correct and will not be set aside by this court unless it is plainly and palpably wrong or unjust. Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App. 1986).
In view of the numerous decisions of the court on the issue of an abuse of discretion of the trial court in child support modification cases, we perceive no precedential value in relating all of the facts of the instant appeal.
We do note, however, that there was evidence of the increased needs and expenses of the three children remaining with the mother. There was evidence that one of the children had been diagnosed with an attention deficit disorder which required special tutoring, counseling, and medication. Further, the other children were now older and involved in more school and sports-related activities.
Suffice it to say that we have reviewed the record, and in view of the attendant presumption, we find no palpable abuse of discretion by the trial court.
The father also argues that the trial court erred in finding him in arrears in child support. He contends that he should have been allowed a credit for the child support due while the oldest child lived with him.
Initially, we note that the award or denial of a credit against an arrearage is within the sound discretion of the trial court, and such decision will not be reversed absent a showing of plain and palpable abuse. Kinsey v. Kinsey,425 So.2d 483 (Ala.Civ.App. 1983). We further point out that a father may not unilaterally reduce child support payments where the decree does not so provide. Smith v. Smith, 443 So.2d 43
(Ala.Civ.App. 1983).
Here, when the oldest son came to live with the father, the father, on his own, reduced the amount of child support that he paid to the mother. This he is not permitted to do.
We would further note that, from a review of the record, we find no evidence of any expenditure or support provided by the father on behalf of the son during the time the son lived with the father. This lack of proof alone is justification enough for the denial of any credit. McKeever v. McKeever,528 So.2d 856 (Ala.Civ.App. 1988).
In view of the above, we can only conclude that the trial court did not abuse its discretion by finding the father in arrears in child support and not allowing any credit. Further, we find no abuse of discretion by the trial court in refusing to reduce the father's child support obligation.
The mother's request for attorney fees for representation on appeal is granted in the amount of $600.
This case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.