The parties were divorced in 1982. The mother was awarded custody of the two minor daughters. Among other things, the father was awarded eight weeks of summer visitation. Following subsequent modification proceedings, the father was ultimately ordered to pay $418 per month in child support.
In January 1991 the mother filed a petition for rule nisi, alleging that the father was in contempt for failing to pay child support. The father counterclaimed requesting custody of the older daughter and a reduction in child support payments. The mother amended her pleading and requested a reduction in the summer visitation of the younger daughter with her father.
Following a hearing on the evidence, the trial court ordered the father to pay $1,008 in arrearage, reduced the father's visitation with the younger daughter to two two-week periods, awarded temporary custody of the older daughter to the father, ordered the older daughter and the parties to attend counselling to be paid by the father, and reduced the child support payments for the younger daughter to $269 a month.
The father appeals and initially asserts that the trial court erred in refusing to give him credit against his child support obligation for the time that the older daughter lived with him.
The award or denial of a credit against an arrearage is within the sound discretion of the trial court and will not be reversed absent a showing of plain and palpable abuse.Earheart v. Mann, 545 So.2d 85 (Ala.Civ.App. 1989). A party may not unilaterally reduce child support payments without the consent of the court. Earheart. Furthermore, a party seeking credits against child support must present proof pertaining to the monetary amount of the credits sought. O'Neal v. O'Neal,532 So.2d 649 (Ala.Civ.App. 1988).
In this case, the father unilaterally reduced his child support obligation when the older daughter came to live with him. The law does not permit such an action. Furthermore, the record fails to establish any evidence concerning the monetary amount the father spent on the daughter during the time that she lived with him.
Because of the absence of proof, we cannot say that the trial court's denial of the credit was an abuse of discretion.
The father next contends that the trial court abused its discretion in reducing the father's summer visitation with his younger daughter.
The determination of visitation rights for the noncustodial parent is a matter which rests within the discretion of the trial court. Durham v. Heck, 479 So.2d 1292
(Ala.Civ.App. 1985). The trial court's primary consideration in exercising its discretion in awarding visitation must be the best interests and welfare of the child. Durham. *Page 740 
The mother testified that she was concerned that the younger child was not adequately supervised during the summer visitation with her father. The daughter's testimony supports this concern. The trial court did not err in reducing the father's visitation.
The father finally asserts that the trial court erred in ordering the parties and the daughter to attend counselling and that it erred by awarding him temporary custody rather then permanent custody of the older daughter. The father cites no authority to support these issues and presents no substantial supporting argument. Failure to cite supporting authority precludes this court from considering the issues presented.May v. State Dep't of Human Resources, 512 So.2d 781
(Ala.Civ.App. 1987).
The judgment of the trial court is affirmed.
The mother's request for an attorney's fee on appeal is granted in the amount of $500.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.