The parties were divorced in 1976. The mother was awarded custody of the minor daughter and the father was ordered to pay $135 per month in child support.
In June 1990 the state of Alabama on behalf of the mother filed a contempt petition for nonpayment of child support against the father. Following an ore tenus proceeding, the Circuit Court of Conecuh County found the father in arrears in the amount of $19,190. The father appeals.
The father asserts that the trial court erred in not allowing a credit toward the child support arrearage. He maintains that he should receive credit for the five years that the mother was in violation of the visitation provisions found in the divorce decree.
The record reflects that the father complied with the child support order until the mother and daughter moved out of the state in 1978. In 1979 the court modified the order of support so that payments were to be made into a trust fund, since the specific whereabouts of the child were unknown. The father made a few payments into the fund. Subsequently he stopped making the payments and withdrew the money that had previously been paid into the fund. The father testified that he stopped making child support payments because he was being denied visitation.
The mother and the daughter moved back to Alabama in 1983. The daughter testified that since their return she has visited with the father on countless occasions. She stated that since 1983 her father has given her approximately $50. The mother testified that she has not received any child support payments since 1978.
The award or denial of a credit against an arrearage is within the sound discretion of the trial court and will not be reversed absent a showing of plain and palpable abuse.Earheart v. Mann, 545 So.2d 85 (Ala.Civ.App. 1989). A party may not unilaterally reduce child support payments without the consent of the court. Earheart. Child support debts are final judgments once due, and the support already owed cannot be waived. Mann v. Mann, 550 So.2d 1028 (Ala.Civ.App. 1989). Furthermore, a party seeking credits against child support must present proof pertaining to the monetary amount of the credits sought. O'Neal v. O'Neal, 532 So.2d 649 (Ala.Civ.App. 1988).
In view of the attendant presumptions, we find that the father's assertion fails to support his position. In Alabama there is no provision for awarding credits due to noncompliance with visitation. Credits are granted only when there is actual proof that monetary support has been provided. Weaver v.Weaver, 401 So.2d 77 (Ala.Civ.App. 1981). The only evidence relating to such support was the daughter's testimony that the father gave her $50.
The father's unilateral cessation of child support payments was contrary to the law of this state. The trial court had ample grounds upon which to base its denial of the requested credit. The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES *Page 1305 
WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.