Lois D. Taylor Kernop (mother) and Andy Joe Taylor (father) were married in November 1982. Shortly thereafter, the father adopted the mother's child from a prior marriage. The parties divorced in September 1983, in an uncontested proceeding. It is undisputed that the parties entered into a separation agreement which provided that the father would pay the sum of $25 every two weeks as child support, and that from 1983 until 1992, no support was paid. The mother filed a petition for modification, alleging a change of circumstances and requesting an increase in child support, and a petition to show cause why the father should not be held in contempt. Following several pre-trial conferences, not of record, the trial court scheduled a hearing on the mother's petitions.
Ultimately, the trial court found that the separation agreement was never incorporated into the decree of divorce, and, therefore, that it would not support the mother's petition *Page 708 
to hold the father in contempt. The trial court, however, found the separation agreement to be an enforceable contract, and it entered a judgment in favor of the mother. It further found that there had been a material change of circumstances justifying an increase in child support, but that Rule 32, Ala.R.Jud.Admin., was not applicable. The trial court's reasoning and finding was as follows, viz.:
 "3. While the legal obligation to support this child remains, there is a serious equity question in view of the extremely short period of the marriage, coupled with the abrupt decision to adopt within thirty days of the marriage. The agreement in contemplation of the divorce would appear to reflect that the [mother] did not expect the [father] to continue in the role of an adopted father for her son until she apparently became concerned about the rising expenses to care for him now that he is a preteen."
The trial court thereafter increased child support to $100 every two weeks.
Following the filing of post-judgment motions by both parties, the trial court granted the father's motion by setting aside paragraph 3. of the order and restoring the obligation to the original $25 every two weeks. Further, it found no material change of circumstances justifying a modification. The mother appeals, arguing that the trial court erred in failing to order the father to pay support in accordance with the guidelines of Rule 32, Ala.R.Jud.Admin.
Both parties have filed briefs arguing that there was either evidence or a lack of evidence of a change of circumstances necessary to enter a decree of modification. The trial court originally found a change of circumstances, but later set aside that order. It is without dispute that the original divorce decree contained no provision for the support of this child. If the original decree makes no provision for the support of a child, the proof of changed circumstances that is required in a support modification proceeding is not relevant because there is nothing to modify. Thus, a support modification proceeding is not appropriate and proof of changed circumstances is not required. Armstrong v. Sparks, 360 So.2d 1012 (Ala.Civ.App. 1978).
Because the father legally adopted the child, under Alabama law the inherent duty to support is always imposable, and the mother's petition was properly treated by the trial court as a supplementary petition for support. See Armstrong, supra. The father argued, and apparently the trial court used as a basis for its refusal to apply the Rule 32, Ala.R.Jud.Admin. guidelines, the brevity of the marriage, the hasty adoption, and the apparent intentions of the parties that they did not expect the father to continue in the role of an adopted father.
The trial court properly recognized that the right to support is inherent and cannot be waived even by agreement.Willis v. Levesque, 402 So.2d 1003 (Ala.Civ.App. 1981). The concern must be the best interests of the child whose welfare is at stake, and the issue of child support should not be viewed as a contest between the parents. Jenkins v. Jenkins,418 So.2d 137 (Ala.Civ.App. 1982).
While this court recognizes the trial court's concerns with the brevity of the marriage, the lack of contact between the father and the child, and the disputed oral agreement of the parties at the time of divorce, nevertheless, Ala. Code 1975, § 26-10A-29(a), provides that the adopted child "shall be treated as the natural child of the adopting parent . . . and shall have all rights and be subject to all of the duties arising from that relation, including the right of inheritance." Ala. Code 1975, § 26-10A-29(b), further provides that "[u]pon the final decree of adoption, the natural parents of the adoptee, except for a natural parent who is the spouse of the adopting parent [as in this case] are relieved of all parental responsibility for the adoptee and will have no parental rights over the adoptee." Thus, by recognizing the brevity of the marriage and the father's apparently self-imposed lack of contact with the child, the trial court sanctions the elimination or diminution of one of the child's two pillars of support. To hold that the circumstances in this case can absolve the father from his legal duty to provide needed support for his *Page 709 
minor son could have the result of encouraging absent parents to avoid contact and communication with their children. SeeEx parte University of South Alabama, 541 So.2d 535 (Ala. 1989).
Based upon the foregoing, we conclude that the trial court erred in failing to treat the petition as a supplemental petition for an original order of support in accordance with Rule 32; accordingly, the judgment is reversed and the cause is remanded for the trial court to determine a proper amount of support, either utilizing the Rule 32 guidelines or entering "[a] written finding on the record that the application of the guidelines . . . would be unjust or inappropriate." Rule 32, Ala.R.Jud.Admin.
The requests for attorney fees by both parties are denied.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, J., concur.