ROBERTSON, Presiding Judge.
On October 10, 1990, the trial court entered a judgment of divorce dissolving the marriage of David K. Lane (father) and Connie P. Lane (mother). The record reflects that the father was awarded custody of the parties’ minor children during the school year and the mother was awarded visitation *1039 rights with the minor children every other weekend.
The record also reflects that sometime in 1991 the mother filed a petition to modify her visitation rights. On October 22, 1991, the trial court modified the mother’s visitation rights, seeking to re-establish a relationship between the mother and the minor children. On September 18, 1992, the mother filed a petition requesting that the father be held in contempt of court for failing and refusing to allow the mother to exercise her visitation rights. The mother also requested that the trial court order the father to compel the minor children to visit with the mother and order that the minor children be begun in and maintained in a counseling program. The father answered the mother’s petition, stating that the minor children no longer desired contact with the mother because of the mother’s attempted suicide and broken promises.
On February 22, 1993, following an ore tenus proceeding, the trial court entered a judgment, ordering, in part:
“For the period of ninety (90) days following the date of this [judgment], the [mother] shall have visitation with [the minor children] either at the Office of Mr. Jerry Wright or Mr. Ken Blocker, on no less than eight (8) separate occasions. On each occasion, both counselors shall be permitted to be present. Mr. Blocker and Mr. Wright shall determine whether or when the [father] shall be permitted to be present for any such visit.
“... Beginning sixty (60) days from the date of this [judgment], the [mother] shall have visitation with [the minor children] every Saturday from 9:00 o’clock A.M. until 5:00 o’clock P.M., such visits to be in addition to the ‘counselor visits’ provided for hereinabove. On the occasion of each visit, the [father] shall deliver the children to the home of the [mother] at the commencement of the visit and the [mother] shall redeliver the children to the home of the [father] at the end of each visit.”
The father filed a motion for a new trial or, in the alternative, a motion to alter, amend or vacate (styled a “motion for reconsideration”), and thereafter, he amended his post-trial motion. The trial court denied the father’s posttrial motion.
The father appeals, contending that the trial court erred in entering its judgment of February 22, 1993, and by denying his post-trial motion.
The determination of visitation rights for the noncustodial parent is a matter which rests within the discretion of the trial court and its judgment will not be reversed on appeal except for an abuse of discretion. Ladewig v. Moxley, 589 So.2d 738 (Ala.Civ.App.1991).
The parties testified that on two occasions in October and November of 1991, the mother scheduled visitation with the parties’ minor children. The visitation occurred in a public place and in the presence of the father, however, the children were not cooperative with the mother, only speaking to her when necessary or at the father’s urging. The mother attempted to schedule another visitation with the minor children only to be told by the father that the children did not want to see the mother. The mother made several calls to the children, however, the children refused to speak with her.
The record reflects that the mother attempted to schedule her December visitation, but she was unable to locate the father and the minor children until after Christmas. During the December visitation, the minor children hugged their mother, bought her lunch, and spent the afternoon talking to her. The mother spent the next three days with the minor children and the father. On the third day, the father and the minor children left the house and went to the store. The father and the minor children returned to the house to find the mother had attempted suicide. The father called for an ambulance and the mother was taken to a hospital. The record further reflects that the father took the minor children to visit their mother while she was in the hospital. The mother testified that the visitation at the hospital was the last visitation she had with the minor children.
The testimony further indicates that the mother has been in counseling with Kent Blocker, a clinical psychologist, since her sui *1040 cide attempt and that the father and the minor children have been counseled by Jerry Wright, a licensed psychometrist, on several occasions. Kent Blocker testified that he and Jerry Wright had worked out a plan for the mother’s visitation with the minor children. Kent Blocker and Jerry Wright both testified that visitation with the mother would not harm the minor children and that a reasonable approach to reestablish the mother’s relationship with the minor children was to allow them to supervise the visitation between the mother and the minor children in a neutral setting.
Based on the foregoing, we cannot find that it was an abuse of discretion for the trial court to award the mother visitation rights with the minor children and therefore, the judgment of the trial is due to be affirmed.
AFFIRMED.
YATES, J. concurs.
THIGPEN, J., concurs in the result.