RICHARD L. HOLMES, Retired Appellate Judge.
This is a child support case.
Lois D. Taylor Kernop (mother) and Andy Joe Taylor (father) were married in November 1982 and were divorced in September *972 1983. Shortly after their marriage, the father adopted the mother’s minor child from a prior marriage.
The separation agreement executed by the parties provided that the father was to pay $25 every two weeks as child support. It has been previously determined that this separation agreement was never incorporated into the divorce decree.
In 1991 the mother filed a petition for modification of child support. Ultimately, the trial court determined that there had been no material change in circumstances sufficient to justify a modification.
The mother appealed. See Kernop v. Taylor, 628 So.2d 707 (Ala.Civ.App.1993). At that time, this court reached the following conclusions:
“Based upon the foregoing, we conclude that the trial court erred in failing to treat the petition as a supplemental petition for an original order of support in accordance with Rule 32; accordingly, the judgment is reversed and the cause is remanded for the trial court to determine a proper amount of support, either utilizing the Rule 32 guidelines or entering ‘[a] written finding on the record that the application of the guidelines ... would be unjust or inappropriate.’ Rule 32, Ala.R.Jud.Admin.”
Kernop, 628 So.2d at 709.
On remand, the trial court issued an order, which provided in pertinent part:
“It is undisputed that the [mother] had adequate income during the intervening years prior to this action.... Certainly, she cannot be faulted for seeking support for her child as a single parent; however, there is absolutely no relationship between the [father] and the child to the extent that the court does not believe it is fair and just to impose the full force and effect of the guidelines upon the [father].
“The facts support a virtual de facto avoidance of the adoption’s legal consequences and effect from the outset. This does not mean that the [father] is due to be totally relieved of child support since the adoption legally remains in full force and effect. He cannot escape paying at least a nominal amount of child support under the circumstances.
“Having made the above specific findings of fact, IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED as follows:
“1. The [father] is hereby ordered to pay $27.00 on the 10th and 25th day of each month, plus a $1.00 administrative fee on each payment, with all payments to be made through the Office of the Clerk of this court as current child support.
“IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the foregoing child support order is a deviation from the application of the child support guidelines in Rule 32, A.R.J.A., based upon the above specific findings and opinion of the court that the application of the guidelines would be unjust and inappropriate in this case.”
The mother appeals. We reverse and remand.
The dispositive issue is whether the trial court erred in determining that it would be unjust and inappropriate for the father to be required to pay child support in accordance with the child support guidelines because the child was adopted and the father and child did not have a meaningful relationship.
The father’s argument, in the main, appears to be that there are sufficient reasons to justify the trial court’s determination that application of guidelines under Rule 32, Ala.R.Jud.Admin., would be unjust and inappropriate. The reasons cited by the father are that the child is an adopted child, coupled with the fact that the father does not have a meaningful relationship with the child.
This contention is unacceptable. As this court stated in Kernop, 628 So.2d at 708, “To hold that the circumstances in this case can absolve the father from his legal duty to provide needed support for his minor son could have the result of encouraging absent parents to avoid contact and communication with their children.”
*973 This court also recognized in the prior appeal that adopted children are, and should be, on equal status with biological children. Kernop, 628 So.2d 707. Additionally, the support for the child should not be premised on the relationship of the parent and child, but is based upon the needs of the child. Ex parte University of South Alabama, 541 So.2d 535 (Ala.1989); Jenkins v. Jenkins, 418 So.2d 137 (Ala.Civ.App.1982).
Perhaps with this opinion, and the resulting payment of child support, there will be a better relationship between the father and the child.
In view of the above, the judgment of the trial court is reversed, and the cause is remanded to the trial court to determine a proper amount of child support under the Rule 32 guidelines.
Both parties request attorney fees on appeal. The father’s request is denied. The mother is granted an attorney’s fee of $750 for representation on appeal.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, J., concur.
THIGPEN, J., concurs specially.