THIGPEN, Judge,
concurring specially.
I concur that this case must be reversed. The amount of child support set by the trial court appears inadequate for the needs of any child. Furthermore, the record lacks sufficient evidence regarding the child’s needs upon which to base any award which deviates from the guidelines. At most, the nominal amount ordered appears to be mere legal manipulation by the parties in an attempt to “absolve the father from his legal duty to provide needed support for his minor son.” Kernop v. Taylor, 628 So.2d 707, 708 (Ala.Civ.App.1993) (emphasis added).
It is of great concern to me that the child’s needs were never considered at any time in these proceedings, nor were they mentioned in the appellate briefs of either party. The very heart of this matter has been ignored from the outset. Apparently, the needs of this child simply are not a factor between these parties.
There is a rebuttable presumption that the child support amount established by the guidelines will result in the correct amount being ordered. Rule 32(A), Ala.R.JudAd-min. There is simply nothing indicating the child’s needs sufficient to rebut that presumption.
It continues to be my position that “[t]he concern must be the best interests of the child whose welfare is at stake, and the issue of child support should not be viewed as a contest between the parents.” Kernop at 708. The needs of the child must be considered. Although determining the amount for the child support obligation is a discretionary function of the trial court when the guidelines do not apply, “[s]uch discretion, however, is not unbridled. [The amount of child support] must relate to the reasonable and necessary needs of the child.” Anonymous v. Anonymous, 617 So.2d 694, 696 (Ala.Civ.App.1993).
I would, again, reverse and remand “for the trial court to determine a proper amount of support.” Kernop at 709. Within its discretion, the trial court may reconsider the appropriateness of the guidelines of Rule 32, Ala.R.Jud.Admin., based upon the needs of the child, not the relationship, or the lack thereof, with the adoptive father. If the trial court determines that the guidelines are inappropriate for reasons which relate to the reasonable needs of this child, then the trial court should establish an appropriate amount of support based upon the child’s needs and the father’s ability to respond to those needs. Otherwise, the trial court should, as the majority instructed, enter an order for support that is consistent with the guidelines.