The parties were divorced in the Circuit Court of Virginia Beach, Virginia, on November 21, 1989. The mother was awarded custody of the parties' minor child, and the father was ordered to pay child support. On August 13, 1993, the mother filed a motion in the Circuit Court of Mobile County, Alabama, stating that she and the minor child had been residents of Alabama for 18 months, and asking the court to take jurisdiction and to modify the divorce judgment. Specifically, she asked for increased child support and asked that the father be required to pay extraordinary medical and dental expenses not covered by insurance. The father was served by a process server in Alabama on August 20, 1993. On November 10, 1993, the father made a special appearance through counsel to be heard on his motion to dismiss, contesting jurisdiction. The father's motion was denied on November 16, 1993, and a hearing on the requested modification was scheduled.
On January 11, 1994, the court received from the parties a stipulation of facts and heard brief arguments of counsel. On January 19, the trial court granted the mother's request for a modification. The father appeals, claiming that the trial court lacked personal jurisdiction to modify the Virginia judgment.
At the time of the hearing, the mother and child lived in Mobile, Alabama; the father lived in Texas. The father contends that the Alabama court had no personal jurisdiction over him to modify a Virginia divorce judgment. However, it is undisputed that the father was personally served while he was in Alabama. Rule 4.1(a), Ala.R.Civ.P., provides that service "within this state . . . shall be deemed to conferin personam jurisdiction." This State has long allowed a legal action to be brought against a nonresident who is personally served here. "However transiently the defendant may have been in the State, the summons having been legally served upon him, the jurisdiction of his person was complete, in the absence of a fraudulent inducement to come." Smith v. Gibson, 83 Ala. 284,285, 3 So. 321, 322 (1888). The United States Supreme Court more recently addressed this issue in Burnham v. Superior Courtof California, 495 U.S. 604, 110 S.Ct. 2105,109 L.Ed.2d 631 (1990), and held likewise.
Once the trial court had jurisdiction, it had the inherent power to enter an order of child support. Dockins v. Dockins,475 So.2d 571 (Ala.Civ.App. 1985). See also Kernop v. Taylor,628 So.2d 707 (Ala.Civ.App. 1993), on return to remand,644 So.2d 971 (Ala.Civ.App. 1994). It appears that the child support order was entered pursuant to the guidelines *Page 778 
of Rule 32, Ala.R.Jud.Admin., and the father does not challenge the amount established. Accordingly, the judgment of the trial court is affirmed. Each party's request for an attorney fee on appeal is denied.
AFFIRMED.
All the Judges concur.