666 So.2d 517 (1995)
STATE ex rel. Donald SHELLHOUSE
v.
Wanda BENTLEY.
2940372.
Court of Civil Appeals of Alabama.
July 14, 1995.
William Prendergast and Mary E. Pons, Asst. Attys. Gen., Department of Human Resources, Montgomery, for appellant.
No brief filed for appellee.
YATES, Judge.
On December 18, 1992, the trial court divorced Donald R. Shellhouse (father) and Wanda Bentley (mother), awarding the father sole custody of the parties' then 12-year-old daughter. The trial court awarded scheduled visitation to the mother and ordered her to pay $50.00 per month child support and to maintain health insurance on the child.
On August 3, 1994, the State of Alabama, on behalf of the father, filed a motion for modification of the child support provision, claiming that a material change in circumstance had occurred because "the child is older and an increase is due." The mother moved to dismiss the petition and asked the trial court to find the father in contempt for his alleged failure to allow her visitation with *518 the child. The trial court denied the mother's motion to dismiss, and, after an in-camera conference with the child, ordered:
"that the child will not, under any circumstances, visit with the [mother], nor will the [father], who is the custodial parent, insist or encourage the minor child to visit with the [mother]. Therefore, under these circumstances, the [father's] Motion For Increase in Child Support is denied and further, [the mother] is relieved of her child support obligations."
The father appeals, contending that the trial court erred in relieving the mother of her child support obligation based on the child's refusal to visit with her.
"Parental support is a fundamental right of all minor children. It is a continued right, which cannot become stale until after the child reaches the age of majority. The right of support is inherent and cannot be waived, even by agreement." Ex parte University of South Alabama, 541 So.2d 535, 537 (Ala.1989) (citation omitted); see also Hermsmeier v. McCoy, 608 So.2d 1369 (Ala. Civ.App.1992). Although child support is paid to the custodial parent, it is for the sole benefit of the minor children. Frasemer v. Frasemer, 578 So.2d 1346 (Ala.Civ.App.1991). The custodial parent cannot agree to forgive the amount due under a child support arrearage, and the parent cannot waive child support due under a court order. Grimes v. Woolman, 595 So.2d 504 (Ala.Civ.App.1992).
In Phillippi v. State ex rel. Burke, 589 So.2d 1303 (Ala.Civ.App.1991), the father stopped making child support payments because he was being denied visitation. The trial court found the father in arrears and refused to credit the arrearage for the time period the mother denied him visitation. This court affirmed, stating: "A party may not unilaterally reduce child support payments without the consent of the court." Id. at 1304.
A party must petition the court for a modification of child support provisions. "A child support award may be modified ... `upon a showing of a material change of circumstances that is substantial and continuing.'" Dimoff v. Dimoff, 606 So.2d 159, 161 (Ala.Civ.App.1992) (citation omitted). Factors indicating a change of circumstances include a material change in the needs, conditions, and circumstances of the child. Id. Neither party presented evidence to show a material change in circumstances. Further, "The waiver of rights of visitation in exchange for release from the duty of child support is a legal impossibility." Willis v. Levesque, 402 So.2d 1003, 1004 (Ala.Civ.App. 1981). We conclude that the trial court erred in terminating the child support obligation; therefore, we reverse the trial court's order and remand the case with instructions for the trial court to issue an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
CRAWLEY, J., concurs specially.
THIGPEN, J., concurs in the result only.
ROBERTSON, P.J., and MONROE, J., dissent.
CRAWLEY, Judge, concurring specially.
Because the mother cannot be relieved of paying child support, the trial court has a difficult task of seeing that justice is done. State Department of Human Resources ex rel. Nathan v. Nathan, 655 So.2d 1044 (Ala. Civ.App.1995). On appeal, the father urges us to reverse the judgment of the trial court and require that court to enter an order requiring the mother to pay child support, but, on the other hand, does not object to the trial court's refusal to order visitation. This position cannot be approved by this court, because it would let the father "have his cake and eat it too," i.e., the father would receive child support, yet be granted his desire for the child not to visit the mother.
Although the trial court's frustration in dealing with the disrupted mother-child relationship resulting from divorce is appreciated, its judgment deprives the child of support and sanctions the father's irresponsible behavior in failing to encourage the child to visit her mother and to insist that she do so. Because the father, on appeal, urges this court to reverse the trial court's judgment and require the mother to pay child support, *519 it is likely that the trial court contemplated pressuring the father to encourage visitation by relieving the mother of her obligation to pay child support. If this ploy works, i.e., if the father's "encouragement" results in the child's visiting the mother and his petition to reinstate child support is granted, then there is no problem with the trial court's judgment. However, if the ploy does not work, i.e., if visitation is not restored, the child will be deprived of financial support and of a relationship with her mother.
The trial court, on remand, must first determine whether the interests of the child are best served by allowing or by disallowing visitation with the mother. The trial court may limit, during visitation, the objectionable activities of the mother, to protect the child's well-being. Smith v. Smith, 599 So.2d 1182 (Ala.Civ.App.1991).
If it determines that it is in the best interest of the child for the child to visit her mother, the trial court has its contempt power to enforce that determination. Schotz v. Oliver, 361 So.2d 605 (Ala.Civ.App.1978). Even if the trial court determines otherwise, it shall set reasonable child support. Cook v. Echols, 16 Ala.App. 606, 80 So. 680 (1918).
THIGPEN, Judge, concurring in the result only.
I concur that the result of the lead opinion correctly reverses and remands this cause for the trial court to properly determine the non-custodial parent's child support obligation based upon the proper factors; i.e., the needs of the child and the parent's ability to respond to those needs. Matters concerning the duty to support one's child and visitation privileges for the non-custodial parent have long been considered independently, regardless of the relationship between the non-custodial parent and the child. That practice has been continued, in part, to assist divorced parents in working together towards the best interest of their child in having the needed financial support and the opportunity of a meaningful parent/child relationship with each parent. Separation of those two issues was intended to effectively remove them as bargaining positions between parents in post-divorce disputes.
The relationship between a non-custodial parent and a child has not previously been considered as a factor in determining a child support obligation as long as the child is a minor. Kernop v. Taylor, 628 So.2d 707 (Ala.Civ.App.1993), after remand, 644 So.2d 971 (Ala.Civ.App.1994). See also Ex parte University of South Alabama, 541 So.2d 535 (Ala.1989). That relationship, however, is a factor in determining post-minority support. Ex parte Bayliss, 550 So.2d 986 (Ala.1989). I can conceive of certain fact situations which might justify a parent's refusal, or at least judicial release of the obligation, to support a minor child. See B.A. v. State Dep't of Human Services, 640 So.2d 961 (Ala.Civ.App. 1994); see also Newman v. Newman, [Ms. AV92000634, June 17, 1994], ___ So.2d___ (Ala.Civ.App.1994). A custodial parent has the authority under certain circumstances to refuse financial assistance to a recalcitrant child. I believe that a trial court, under the appropriate circumstances, has the authority to release, to reduce, or to suspend a non-custodial parent's financial obligation in a similar manner. It appears to me that the trial court, within its discretionary authority, may consider the relationship of a child and the non-custodial parent as a secondary factor in its determinations regarding support obligations for minor children. The needs of the child, however, must remain the primary focus in such determinations.
MONROE, Judge, dissenting.
I would affirm the trial court, therefore, I must respectfully dissent.
As the majority points out, in Phillippi v. State ex rel. Burke, 589 So.2d 1303 (Ala.Civ. App.1991), where a father stopped making child support payments because he was being denied visitation, this court stated, "A party may not unilaterally reduce child support payments without the consent of the court." The majority appears to take this statement to mean that child support payments can never be reduced because a parent is being denied visitation. I take it to mean that a parent cannot reduce child support payments on his own under such circumstances, but that they can be reduced by order of the court. Although I agree with the majority's *520 recitation of the general law in regards to a child's right to support, I believe that a child support obligation can be abrogated by order of the court. The cases cited by the majority deal with situations where the parties, on their own, decided to cease child support payments where there was no visitation between the child and the parent paying the child support. None of the cases dealt with a situation where the court ordered that the child support obligation be abrogated.
Although the father presented no evidence of change in circumstance that would warrant an increase in the mother's child support obligation, I feel that the mother has shown a material change in circumstances that would warrant the abrogation of her child support obligation. I feel that the fact that the teen-aged child refuses to visit her mother under any circumstances is a sufficient change in circumstances to support the trial court's decision to relieve the mother of her child support obligation. I cannot say that the trial judge, who made his decision after ore tenus proceedings and an in camera conference with the child, abused his discretion.
ROBERTSON, P.J., concurs.