I concur that the result of the lead opinion correctly reverses and remands this cause for the trial court to properly determine the non-custodial parent's child support obligation based upon the proper factors; i.e., the needs of the child and the parent's ability to respond to those needs. Matters concerning the duty to support one's child and visitation privileges for the non-custodial parent have long been considered independently, regardless of the relationship between the non-custodial parent and the child. That practice has been continued, in part, to assist divorced parents in working together towards the best interest of their child in having the needed financial support and the opportunity of a meaningful parent/child relationship with each parent. Separation of those two issues was intended to effectively remove them as bargaining positions between parents in post-divorce disputes.
The relationship between a non-custodial parent and a child has not previously been considered as a factor in determining a child support obligation as long as the child is a minor.Kernop v. Taylor, 628 So.2d 707 (Ala.Civ.App. 1993), after remand, 644 So.2d 971 (Ala.Civ.App. 1994). See also Ex parteUniversity of South Alabama, 541 So.2d 535 (Ala. 1989). That relationship, however, is a factor in determining post-minority support. Ex parte Bayliss, 550 So.2d 986 (Ala. 1989). I can conceive of certain fact situations which might justify a parent's refusal, or at least judicial release of the obligation, to support a minor child. See B.A. v. State Dep'tof Human Services, 640 So.2d 961 (Ala.Civ.App. 1994); see alsoNewman v. Newman, [Ms. AV92000634, June 17, 1994], ___ So.2d ___ (Ala.Civ.App. 1994). A custodial parent has the authority under certain circumstances to refuse financial assistance to a recalcitrant child. I believe that a trial court, under the appropriate circumstances, has the authority to release, to reduce, or to suspend a non-custodial parent's financial obligation in a similar manner. It appears to me that the trial court, within its discretionary authority, may consider the relationship of a child and the non-custodial parent as a secondary factor in its determinations regarding support obligations for minor children. The needs of the child, however, must remain the primary focus in such determinations.