I would affirm the trial court, therefore, I must respectfully dissent.
As the majority points out, in Phillippi v. State ex rel.Burke, 589 So.2d 1303 (Ala.Civ.App. 1991), where a father stopped making child support payments because he was being denied visitation, this court stated, "A party may not unilaterally reduce child support payments without the consent of the court." The majority appears to take this statement to mean that child support payments can never be reduced because a parent is being denied visitation. I take it to mean that a parent cannot reduce child support payments on his own under such circumstances, but that they can be reduced by order of the court. Although I agree with the majority's *Page 520 
recitation of the general law in regards to a child's right to support, I believe that a child support obligation can be abrogated by order of the court. The cases cited by the majority deal with situations where the parties, on their own, decided to cease child support payments where there was no visitation between the child and the parent paying the child support. None of the cases dealt with a situation where the court ordered that the child support obligation be abrogated.
Although the father presented no evidence of change in circumstance that would warrant an increase in the mother's child support obligation, I feel that the mother has shown a material change in circumstances that would warrant the abrogation of her child support obligation. I feel that the fact that the teen-aged child refuses to visit her mother underany circumstances is a sufficient change in circumstances to support the trial court's decision to relieve the mother of her child support obligation. I cannot say that the trial judge, who made his decision after ore tenus proceedings and an in camera conference with the child, abused his discretion.
ROBERTSON, P.J., concurs.